STATE, Respondent, vs. KOPACKA, Appellant.

*January 10—February 5, 1952.*

For the appellant there was a brief by *Eugene J. Sullivan, Dennis M. Sullivan,* and *David V. Jennings, Jr.,* and oral argument by *Dennis M. Sullivan* and *Harry M. Kleczka,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Harold J. McGrath,* special assistant district attorney, and oral argument by *Mr. McGrath.*

FRITZ, C. J.   The information alleged that on October 26, 1949, Joseph Kopacka and two accomplices committed the crime of burglary in the nighttime under sec. 343.10, Stats., by breaking into and entering a dwelling of Donald Clark; and alleged in a second count that Joseph Kopacka had theretofore been convicted of burglary.   He pleaded not guilty and on August 18, 1950, he served a notice under sec. 355.07, Stats., on the district attorney that he intended to rely upon an alibi as a defense to the charge in the information.   Upon the trial of the case in October, 1950, there was proof that on the night of October 26, 1949, Joseph Kopacka, Louis Kopacka, and Frank Maranowicz went to Clark's dwelling and Maranowicz and Louis Kopacka forced open a window through which Louis Kopacka and Maranowicz, carrying two flashlights, entered the dwelling and stole some money.   Upon a trial the jury found each of the defendants guilty and judgment was entered on October 4, 1950, sentencing them to terms of imprisonment. Joseph Kopacka appealed from the judgment.

On this appeal Joseph Kopacka contends the court erred in refusing to allow him to submit further corroborative evidence in support of a second alibi; and that the court erred in allowing the prosecuting attorney to cross-examine on surrebuttal Louis Kopacka concerning a prior conviction after he had admitted the same.

Sec. 355.07, Stats. (enacted in 1949), provides:

"In courts of record, if the defendant intends to rely upon an alibi as a defense, he shall give to the district attorney written notice thereof on the day of arraignment, stating particularly the place where he claims to have been when the crime is alleged to have been committed together with the names and addresses of witnesses to his alibi, if known to the defendant. In default of such notice, evidence of the alibi shall not be received unless the court, for good cause shown, shall otherwise order."

Under sec. 355.07, Stats., Joseph Kopacka served the following notice of alibi upon the district attorney on August 18, 1950:

"You will please take notice, that I, Joseph Kopacka, one of the defendants in the above-entitled action at the time of the trial of said action, intend to rely upon an alibi as a defense to the charges contained in the information filed by you against me in the municipal court for Milwaukee county, Wisconsin.

". . . You will please take further notice that *at the time the alleged offense was alleged to have been committed I was not at the place the alleged offense was alleged to have been committed, but was in the process of moving furniture from Milwaukee, Wisconsin, to Waukegan, Illinois;* and that the following-named persons will be relied upon by me to establish the fact that I was so occupied at the time the alleged offense was committed, namely: Emil Kopacka, of 1634 West McKinley avenue, Milwaukee, Wisconsin; Lorraine Kopacka, of 1809-C North Second street, Milwaukee, Wisconsin; Helen Bohn of 4413 North Third street, Milwaukee, Wisconsin, and Paul Zeifirakee of 1300 West North avenue, Milwaukee, Wisconsin."

Written in after the typewritten portion of that paragraph is the name "Louis Kopacka, State Prison, Waupun, Wisconsin.

"Dated this 18th day of August, A. D., 1950, at the city and county of Milwaukee, state of Wisconsin."

And it appears to be subscribed by Joseph E. Kopacka, who is the named defendant on the trial.

Thus by serving that notice upon the district attorney on August 18, 1950, Joseph Kopacka stated that at the time of the commission of the offense charged in the information he was "moving furniture from Milwaukee, Wisconsin, to Waukegan, Illinois." Upon receipt of the notice the district attorney directed certain police officers connected with the case to make a careful and thorough investigation respecting the alibi. The state relied upon that notice of alibi and as the result of such notice and the state's thorough investigation it was carefully and fully prepared to meet that alibi on the trial.

However, on the trial defendant Joseph Kopacka testified that on October 26, 1949, when the burglary was committed he was moving furniture from his mother's home at 2322 North Teutonia avenue, Milwaukee, to 2306 West State street, Milwaukee, and he gave the names of the witnesses. Thus he sought to substantiate a new alibi without giving any previous notice thereof to the district attorney. Emil Kopacka testified that he and Paul Zeifirakee assisted Joseph Kopacka in such moving. But on cross-examination he did not know how many trips were made— possibly three, maybe four or five; and he denied that he had ever been arrested and convicted of a criminal offense. Joseph Kopacka's attorneys then called Lorraine Kopacka, wife of Emil, as a witness on behalf of Joseph Kopacka, and then the district attorney objected to her proof in support of the new alibi testified to by defendant on the ground that the state received no notice thereof as required by sec. 355.07, Stats. Defendant's counsel argued there was substantial compliance with the statute. In that connection the following colloquy took place:

The Court: "How have you complied with the provision of the statute that notice is to be served on the district attorney 'stating particularly the place where he claims to have been when the crime is alleged to have been committed?'" Joseph Kopacka's attorney replied, "He was

moving furniture from Milwaukee to Waukegan." The Court: "Do you contend that this is a compliance with the statute?" Kopacka's attorney replied, "I do. I claim it is substantial compliance with the statute. The purpose is to advise the district attorney what the defense will be so that they can conduct an investigation. . . . The district attorney knew there was an alibi here. He no doubt had it investigated by his various officers. The mere fact the office was in error, and it may be a typographical error. . . ." The Court: "It is subscribed by the defendant in this case, not by anyone in your office. . . . The court cannot agree with you. There is no substantial compliance with the requirements of sec. 355.07 of the statutes. If the defendant in this case or in any case desired to mislead the state and the district attorney, he could not do it more effectually than by misstating the place where he claimed to have been and in which his defense of alibi would establish he had been as in this case. . . . The court has attempted to find in this record and in the argument presented since the motion has been made by the state some good cause that would justify the court in receiving the evidence of alibi proffered by the defendant, and we can discover no such good cause as the statute contemplates to relax the plain provision of the statute. The motion by the state to exclude evidence of alibi is granted."

The court's conclusions in relation to Joseph Kopacka's notice of alibi served on August 18, 1950, were fully warranted. After Joseph Kopacka on August 18, 1950, gave the notice under sec. 355.07, Stats., to the district attorney as to the time and place where he claims to have been when the alleged crime was committed, etc., he could not, under the circumstances in this case, abandon that alibi on October 4, 1950, during his direct testimony on the trial, and thereby contradict the alibi which he had notified the state he intended to rely on. At that time he produced no evidence or endeavored to show any good cause which would have justified the court in receiving evidence of any new alibi or relaxing the consequences of the express provision in

sec. 355.07, Stats., that "In default of such notice, evidence of the alibi shall not be received unless the court, for good cause shown, shall otherwise order." In relation to such statutes as sec. 355.07, Stats., it is significant to note that, as stated in *People v. Schade,* 161 Misc. 212, 292 N. Y. Supp. 612, 617:

"The purpose of the adoption of the alibi statutes in Ohio, Michigan, and this state is obvious. It was designed to prevent the sudden 'popping-up' of witnesses to prove that the accused was not at the scene of the crime at the time of its commission and thus creating a 'reasonable doubt' about the testimony of the state's witnesses. The bringing into the courtroom of 'phony alibi' witnesses at the eleventh hour and at a time which, in practice, affords the prosecutor no opportunity to check either the credibility of the witnesses or the accuracy of their statements is avoided by the alibi statutes. An alibi defense refuted is worse than no defense at all. Therefore, section 295-*l* promotes the ends of justice and, in this respect at least, makes of our criminal code 'a sword for the guilty and a shield for the innocent.' That that is the real purpose of a criminal code and of a penal law has apparently been lost sight of in recent years. . . .

"Reverting again to the basic question of constitutionality, we find that in the two states where similar alibi statutes are in force, their constitutionality has been either expressly or impliedly upheld.

"In Michigan no direct attack has apparently ever been made upon the alibi statute. The statute, however, has been considered by the highest court of Michigan in the case of *People v. Wudarski,* 253 Mich. 83, 234 N. W. 157."

In considering the constitutionality of such statutes as sec. 355.07, Stats., the court stated in *State v. Thayer,* 124 Ohio St. 1, 4, 176 N. E. 656, 75 A. L. R. 48:

"This law pertains to a very important feature of the criminal law. It gives the state some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite

impossible for the state to ascertain any facts as to the credibility of the witnesses called by the accused, who may reside at some point far distant from the place of trial."

And as said in *People v. Schade, supra:*

"Certain it is that no innocent person can in any manner be injured by the statute. It is equally certain that the activities of criminals in manufacturing alibi defenses will be seriously checked, and we will no longer have the spectacle of a defendant suddenly and brazenly flaunting a manufactured alibi in the face of the court and of the jury." (292 N. Y. Supp. 612, 619.)

The defendant, Joseph Kopacka, contends the court erred in allowing the district attorney to cross-examine the defendant Emil Kopacka on surrebuttal in relation to convictions after he had admitted the convictions. Apparently on cross-examination he was asked whether he had ever been arrested or convicted of any crime or felony and he answered "No." On further examination by his attorney he explained that he answered "No" because he had walked voluntarily into the police station and surrendered himself. There was also some confusion and conflict in his testimony on October 4, 1950, as to the date on which he had been sentenced which he testified he believed was September 21, 1950. However, his testimony in these respects cannot be deemed to constitute any substantial or prejudicial error affecting in any manner the rights of Joseph Kopacka or the judgment of his conviction.

*By the Court.*—Judgment affirmed.