DATKA, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 8—February 2, 1954.*

The cause was submitted for the plaintiff in error on the brief of *Rubin & Ruppa* of Milwaukee, and for the defendant in error on the brief of the *Attorney General* and *William J. McCauley*, district attorney of Milwaukee county, and *Aladin A. DeBrozzo*, deputy district attorney.

BROWN, J. Miss Datka was prosecuted under sec. 351.05, Stats., for fornication on March 25, 1951, with Ervin Diefenbach, who was then a married man. His age at that time was thirty-two and hers was nineteen. Up to the time the state rested, its witnesses were Lorraine, wife of Mr. Diefenbach on the date of the offense but divorced from him at the time of trial, and the complainant, a police officer named Rasmussen. The information and warrant were not issued until seventeen months after the offense. Trial was to the court. Mrs. Diefenbach testified that her husband had not been home for several nights and that when she saw his automobile parked beside the house of his married sister she went into the house to inquire after him. She entered a bedroom and found Miss Datka and Mr. Diefenbach in the bed, both naked. On her testimony and that of Rasmussen, which did not actually go to the merits, the state rested. The defendant moved to dismiss the case and the court took the motion under advisement and proceeded with the trial. At the con-

clusion of the testimony the court found the defendant guilty and imposed sentence of thirty days in the county jail.

Sec. 351.05, Stats., under which Miss Datka was prosecuted, provides:

*"Sane single females; intercourse; ruin.* Any man who commits fornication with a sane single female over the age of sixteen years, each of them shall be punished by imprisonment in the county jail not more than six months or by fine not exceeding one hundred dollars, or by both such fine and imprisonment. . . ."

She submits that her sanity and unmarried status are essential elements of this statutory offense which must be proved by the state beyond a reasonable doubt in order to obtain a conviction. The statute does not define fornication. At common law it was illicit intercourse by a man with an unmarried woman. It could not be committed by a man with a woman who was not single; if she was married it was adultery which, historically, is a quite different offense. In making its case the state presented no evidence touching Miss Datka's marital status, except that she was not married to Diefenbach, nor did it introduce evidence concerning her sanity. If, as she contends, these are conditions which the state must prove, her motion to dismiss, made at the conclusion of the state's case, should have been granted and we should now reverse.

37 C. J. S., Fornication, p. 123, sec. 6 c., states:

"Ordinarily the prosecution need not prove that the parties charged with fornication were unmarried, or that, in jurisdictions where singleness is essential, the man or woman was not married to a third person; . . ."

And, same page,

"In the absence of proof of marriage it is generally presumed that the parties are single and unmarried, and the burden is on them to rebut that presumption . . . in juris-

dictions where the offense can be committed only with a single woman, where it appears that the woman was not defendant's wife, it is unnecessary for the state, in the first instance, to prove her single status, as the court will indulge a presumption that she was unmarried."

*State v. Cavett* (1927), 171 Minn. 222, 223, 213 N. W. 920, 921, held:

"Without evidence other than of the intercourse and that the parties were not husband and wife, the *prima facie* case for the state is complete. 'The single state is, however, the natural, and, during early life, the only possible one; nor is there any period at which it is necessarily terminated or merged into marriage. In the absence, therefore, of testimony tending to the contrary, the presumption is that the celibacy which existed during [pubescence] continues.' Once it appears that the parties are not married to each other, the state is not in the first instance required to go further and prove that the woman is unmarried." (Authorities cited.)

We conclude that the trial court was right in its refusal to dismiss the action upon defendant's motion.

When plaintiff in error put in her case the record confirms rather than contradicts her unmarried condition. She was nineteen years old, lived in her father's home, went by his name (her maiden name), was addressed by her counsel as *Miss* Datka and responded to the title. The record does not raise even a suspicion that she may have been married to rebut the presumption that she is single.

She also contends that the state failed to prove that she was sane at the time of the offense as included in the statute under which she was charged, *supra.*

"There was no defense of insanity interposed in the action, and the defendant must therefore be treated as a responsible human being and held to accountability for the necessary and ordinary consequences of his acts as established by the evidence in the case." *Zingler v. State* (1911), 146 Wis. 531, 533, 131 N. W. 837.

Insanity was available to Miss Datka as a defense but only if it was pleaded, sec. 357.11, Stats., which it was not. We hold that the presumption of sanity is sufficient to establish the fact in the absence of a plea.

The defendant also says that justice miscarried because the complaint makes its allegations on information and belief and it was not made until seventeen months after the commission of the offense and then for ulterior motives. The complaint was filed within the period prescribed by the statute of limitations. The court believed the state's witnesses and we find no merit in the suggestion that these are matters going to the question of guilt or innocence.

Defendant submits that the evidence does not establish the guilt of the defendant beyond a reasonable doubt. An eyewitness testified to finding the parties in bed together. That, if believed by the trial court, is sufficient to establish intercourse beyond a reasonable doubt. The testimony was so believed and the denial of the occurrence by the defendant was disbelieved. There was other evidence that the parties made at least two out-of-town overnight trips together within a month preceding the instant offense and occupied the same hotel room where they were registered as man and wife.

"The act of sexual intercourse may be sufficiently established by either direct or circumstantial evidence.

"If direct proof of the act of illicit sexual intercourse can be obtained, upon a showing of the other elements of the offense, it is sufficient to sustain a conviction, but the act of sexual intercourse, from the natural secrecy which attends it, is usually to be proved by circumstantial evidence, which is sufficient, if the circumstances are such as to lead the guarded discretion of a reasonable and just man to the conclusion that the offense has been committed, and it must exclude every other reasonable hypothesis than that of the guilt of accused.

"The act of sexual intercourse may be inferred from the man and woman occupying the same bed and room, occupy-

ing the same room, being seen together in bed, or from being found partially disrobed in the same room." 2 C. J. S., Adultery, p. 491, sec. 24.

The evidence is more than sufficient to sustain the finding and the resultant judgment beyond a reasonable doubt.

*By the Court.*—Judgment affirmed.