## No. 20,754.

### DANIEL LEE FRENCH *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, ET AL.
(384 P. [2d] 268)

Decided August 5, 1963. Rehearing denied August 26, 1963.

Mr. WALTER L. GERASH, for petitioner.

Mr. DUKE W. DUNBAR, Attorney General, Mr. JOHN E. BUSH, Assistant, Mr. BERT M. KEATING, District Attorney, Mr. GREGORY MUELLER, Assistant, Mr. THEODORE BORRILLO, Deputy, Mr. DONALD SPIEGLEMAN, Deputy, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE refer to petitioner above named as French, and to the respondents as respondents or as the trial court.

This is an original proceeding in this court by French, who filed his petition seeking relief by prohibition or, in the alternative, mandamus. It was alleged in the petition, inter alia, that:

"1. Petitioner was charged in the Second Judicial District of the State of Colorado in Criminal Action No. 49772, on May 21, 1962, with the crimes of burglary, robbery, and two counts of rape. These acts were alleged to occur on May 14, 1961.

"2. On June 7, 1962, in Criminal Action 48663, in the Second Judicial District of the State of Colorado, the petitioner was found to be insane at the time of the alleged commission of the offense and was forthwith committed to the Colorado State Hospital for the insane located in Pueblo, Colorado.

"3. Influenced by this finding, and asserting his constitutional right to do so, petitioner, in 1962, in Criminal Action No. 49772, entered the pleas of not guilty and 'not guilty by reason of insanity at the time of the alleged commission of the offense' pursuant to C.R.S. 39-8-1, 1953, as amended.

"4. On November 21, 1962, upon oral motion of the District Attorney, respondent herein, the Honorable Mitchel B. Johns, Judge, also respondent herein, ordered that Petitioner's plea of 'not guilty by reason of insanity at the time of the alleged commission of the crime' be stricken.

"5. This action is arbitrary without cause and contrary to constitutional and statutory rights as alleged. The facts therein are more fully shown by Exhibit 'A' appended hereto. Petitioner has a clear legal right to have the plea entered and respondents have a clear legal duty to accept the plea and set the matter down before a jury.

\* \* \*

"10. Petitioner will suffer irreparable prejudice and injury if he is not allowed to assert the defense of 'not

guilty by reason of insanity at the time of the alleged commission of the crime' in accordance with the statutes and Constitution of the State of Colorado. Unless the writ of prohibition or mandamus is issued, petitioner is without a plain, speedy and adequate remedy at law to invoke or enforce his rights under the statutes of the State of Colorado and Constitution of Colorado and the Constitution of the United States."

Rule to show cause issued and the respondents have filed an answer in which they pose the following question which they assert is raised thereby:

*"Can a defendant who enters a plea of not guilty by reason of insanity at the time of the alleged commission of the crime, but who thereafter wilfully refuses to cooperate and permit an examination of himself by physicians as prescribed by law, when said defendant is capable of cooperating in said examination, nevertheless maintain that plea and have a jury determination thereof?*

Facts raising this question are set forth in the answer, in substance, as follows:

After the plea of not guilty by reason of insanity was entered, French was committed to the Colorado Psychopathic Hospital for observation as required by statute. The examining psychiatrists reported by letters addressed to the trial court that French refused to cooperate with them and that cooperation would be necessary to determine his mental condition. August 22, 1962, a hearing was had at which the court ordered that French withdraw his plea of insanity or cooperate with the examining psychiatrists, and he was ordered returned to the hospital for a thirty-day period for a psychiatric evaluation. The examiners notified the trial court by letters that a determination of sanity or insanity could not be reached as French "again would not furnish the examiner with any information about himself." A further continuance was ordered, at the expiration of which three additional letters had been received by the trial court from the examining physicians, all of which indi-

cated that the petitioner refused to "co-operate" with them. With reference to this refusal we quote from one of these letters the following: "* * * of his own volition and he was in my opinion, at the time of my examination, capable of such discussion."

Thereupon the trial court upon oral motion of the district attorney ordered the plea of not guilty by reason of insanity stricken, and further ordered that the case be tried, at a day fixed, on the merits of the plea of not guilty.

The position of respondents is stated as follows:

"In order for a defendant who enters a plea of not guilty by reason of insanity at the time of the alleged commission of the crime to maintain that plea, he must assume the 'burdens' of the statute requiring submission to a mental examination, and if he intentionally acts to frustrate the operation of said statute, the plea must be stricken by the court."

We are cited no authority in which this position has been upheld. The respondents frankly admit that, "The issue raised by this proceeding appears to be one of first impression." A number of compelling reasons come to mind which require a holding that the trial court erred in striking the insanity plea. We need mention but one.

The Constitution of Colorado provides (Article II, Section 18) "No person shall be compelled to testify against himself in a criminal case, * * * ." The statute (C.R.S. '53, 39-8-2) provides in substance that any statements made by the defendant to examining psychiatrists cannot be used as evidence against him *in a trial on the issue of guilt of the crime charged.* However, it is also provided that such evidence may be received "on the trial of the issue of guilt of a murder charge to rebut evidence of insanity offered by the defendant to reduce the degree of murder; * * * ." Furthermore, 1960 Perm. Supp. C.R.S., 39-8-3 contains the following pertinent language:

"When a defendant pleads not guilty by reason of

**14**

insanity at the time of the alleged commission of the crime, and joins with it another plea or pleas not involving insanity, including the plea of not guilty, after the period of observation, the case, in the discretion of the court, may be either set for trial on the insanity issue alone, or may be set for one trial upon all issues raised by all pleas entered."

If the case is to be tried on all issues at the same time, any statements made to the psychiatrists would necessarily be admitted as bearing upon the issue of mental condition.

 A person accused of a crime who enters a plea of not guilty by reason of insanity, cannot be compelled to carry on conversations against his will under the penalty of forfeiture of the defense for failure to respond to questions, or for a refusal to "co-operate" with persons appointed to examine him. The statute which prescribes the procedures to be followed upon the entry of a plea of not guilty by reason of insanity cannot operate to destroy the constitutional safeguards against self-incrimination.

The rule is made absolute.

MR. JUSTICE SUTTON, MR. JUSTICE DAY and MR. JUSTICE PRINGLE not participating.