[No. 37013. En Banc. January 21, 1965.]

THE STATE OF WASHINGTON, *Respondent,* v. BENJAMIN PAUL GROVE, *Appellant.**

*Reported in 398 P. (2d) 170.

*Andrew L. Ulvestad,* for appellant.

*Charles O. Carroll, James E. Kennedy,* and *James S. Munn,* for respondent.

FINLEY, J.—This is an appeal from a conviction of first degree murder. The assignments of error are such that only a brief reference to the facts is required. The victim lived with her daughter and son-in-law, the defendant. At a time when the wife was in the hospital, the mother came to a violent end. The defendant was charged with her murder. When the police were called, they found the body of the victim at the bottom of the stairs leading to the basement. There were five lacerations of the skull, bruises about the lips and chin, and fractures of the fingers and hands, with a number of cuts on the hands. While in jail, the defendant wrote a letter to his wife at the hospital. In it he attempted an explanation of a cut on his face and the broken fingers of his mother-in-law by stating that, on the night before her death, the mother-in-law was in the kitchen, standing on a chair putting a vase away; that she slipped, called to the defendant, and he ran in and caught her as she fell; that in the process his face was scratched; that the mother-in-law caught her hand on the stove, and complained of pain. The defendant's letter to his wife was given to a jail guard, unsealed, pursuant to jail procedures respecting censorship of outgoing mail from prisoners. The letter was censored and marked with a large "C" to indicate this. The existence of the letter was discovered by the prosecution when a friend of the wife told an investigator that the defendant's wife had shown her the letter.

After the prosecuting attorney learned of the letter, he

secured a search warrant from a justice of the peace, directed to the attorney who then represented the defendant. Under some circumstances the use of a search warrant respecting the person and the offices of counsel for a criminal defendant could become highly debatable, to say the least. However, the officer serving the warrant in the instant case was instructed not to persist in an effort to obtain the letter if counsel for the defendant objected. When served with the warrant in his office, counsel for the defendant did object, and the officer desisted. Subsequently, the letter was obtained by the prosecuting attorney, pursuant to an order to produce the document issued by the trial court.

At the trial, defense counsel objected to the admission and use of the letter by the state. Objection was also made respecting testimony of the son of the defendant to the effect that his father had a drinking problem and was frequently inebriated. A different assigned counsel is representing the defendant here on appeal. Error has been assigned (1) to the admission of the letter and (2) to the testimony of the son, mentioned hereinbefore.

The appellant first argues that the forced production of the letter and its introduction into evidence violated the privilege of confidential communications between spouses that is protected by RCW 5.60.060(1). However, *State v. Fiddler,* 57 Wn. (2d) 815, 820, 360 P. (2d) 155 (1961), holds that there must be two requirements for a protected communication between spouses: (1) the communication must have been intended to be confidential by the sender, and (2) there must have been a successful confidential communication. Here it is conceded that the appellant delivered the letter to a jail guard, unsealed, knowing that it would be censored under existing jail rules, and that the letter was stamped with a large "C", indicating censorship. These facts are sufficient to show that neither of the above requirements was satisfied.

The appellant strongly argues that the issuance of the search warrant violated his constitutional rights. Since the prosecutor explicitly instructed the sheriff not to exer-

cise his authority if the defense attorney objected—and the attorney did object, so that nothing was produced under the search warrant—we are unable to see how this issue is before us. No prejudice has been shown; and further, this issue, under the above facts, seems at most a moot problem.

 The appellant also argues that the production of the letter under court order violated the constitutional rights of the defendant. Counsel's argument seems to be that defendant's rights to counsel, to communicate with counsel, and to abstain from testifying against himself, have been violated. An effort is made to bring this particular assignment of error within the ambit of *State v. Cory,* 62 Wn. (2d) 371, 382 P. (2d) 1019 (1963), where the use of a microphone by a sheriff was held to violate the privilege of attorney-client confidential communications and the constitutional right of an accused to effective aid of counsel. This argument is without merit. The instant case has no similarity to *Cory,* and it is in no way applicable. In fact, the letter, under the circumstances herein, involves no communication between attorney and client. What is involved is an effort to withhold evidence that was incriminating to the defendant.

The appellant makes an argument that the order for production of the letter was prohibited discovery. This state has long recognized the inherent power of the trial court to grant discovery. *State v. Gilman,* 63 Wn. (2d) 7, 385 P. (2d) 369 (1963). This inherent power, based on trial administration, is not limited to that which benefits the defendant. This point has been recognized by Justice Traynor, speaking for the California Supreme Court:

" ' . . . Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and in particular it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits. To deny flatly any right of production on the ground that an imbalance would be created between the

advantages of prosecution and defense would be to lose sight of the true purpose of a criminal trial, the ascertainment of the facts. . . .' [Quoting from *People v. Riser*, 47 Cal. (2d) 566, 586, 305 P. (2d) 1,13.] Similarly, absent the privilege against self-incrimination or other privileges provided by law, the defendant in a criminal case has no valid interest in denying the prosecution access to evidence that can throw light on issues in the case. . . ." *Jones v. Superior Court of Nevada Cy.*, 22 Cal. Rptr. 879, 372 P. (2d) 919 (1962).

Since there was no violation of the privilege against self-incrimination and no violation of the attorney-client privilege, the trial court was well within its power in ordering counsel, an officer of the court, to produce the letter.

█ Appellant's second claimed error involves the admission of testimony for the prosecution from the defendant's son that the son had often seen his father intoxicated. The appellant argues that this placed his character in issue before he had decided to take the stand. However, the state introduced this evidence to show motive. The state's theory was that the defendant was an alcoholic and utterly dependent upon his wife for support. The mother-in-law had been waging a campaign in which she was trying to convince her daughter to divorce the defendant. The state contended that the defendant murdered the mother-in-law to prevent the loss of his support for his addiction. Thus, in this case the fact of alcoholism had a direct relation to motive. Even further, the defendant actually used the fact of alcoholism as a defense in several ways. We can find no error in the admission of this testimony.

The judgment of the trial court should be affirmed. It is so ordered.

ALL CONCUR.

April 5, 1965. Petition for rehearing denied.