THE STATE OF MONTANA, ex rel. MARIE SIKORA, CLARENCE P. CARLAT, and JOHN MICHAEL RADFORD, Relators, v. THE DISTRICT COURT of the THIRTEENTH JUDICIAL DISTRICT of the State of Montana, IN AND FOR the COUNTIES OF YELLOWSTONE AND STILLWATER, et al., Respondents.

No. 11746.
Decided Nov. 24, 1969.
Rehearing Denied Jan. 6, 1970.
462 P.2d 897.

Sandall, Moses & Cavan, Billings, Charles F. Moses argued, Billings, Kelly & Carr, Miles City, Patrick J. Kelly argued, Miles City, Grant & Heard, Columbus, Richard W. Heard, argued, Columbus, for relators.

Robert L. Woodahl, Atty. Gen., Helena, John L. Adams, County Atty., Billings, Robert Brooks, County Atty., Broadus, William Blenkner, County Atty., Columbus, Robert Gannon, Asst. Atty. Gen., argued, Helena, for respondent.

MR. JUSTICE JOHN CONWAY HARRISON delivered the Opinion of the Court.

Petitioners, Marie Sikora, Clarence P. Carlat and John Michael Radford (hereinafter referred to as relators) appeared in this Court seeking a writ of supervisory control or other appropriate relief. This Court issued an order to show cause, briefs were submitted and the matter argued.

The relators above listed are each charged separately with murder in the first degree. The cases are pending in two separate judicial districts. In the matter of the relator Clarence P. Carlat, the district court ruled on a pretrial motion challenging a portion of the Montana Code of Criminal Procedure as being unconstitutional. In the Marie Sikora case, a similar motion was submitted but the trial court has withheld a ruling pending this Court's disposition of the petition. In the John Micheal Radford case, the trial court ruled the motion was not determinable before the trial of the cause and ordered that the motion be deferred for determination upon trial of the general issue.

The challenged section of the recently adopted Montana Code of Criminal Procedure, section 95-1803(d), R.C.M.1947, provides as follows:

"For the purpose of notice only and to prevent surprise, the defendant shall furnish to the prosecution and file with the clerk of the court at the time of entering his plea of not guilty or within ten (10) days thereafter or at such later time as the court may for good cause permit, a statement of intention to interpose the defense of insanity, self-defense or alibi. If the defendant intends to interpose any of these defenses, he shall also furnish to the prosecution and file with the clerk of the

court, the names and addresses of all witnesses to be called by the defense in support thereof. The defendant may, prior to trial, upon motion and showing of good cause, add to the list of witnesses the names of any additional witnesses. After the trial commences, no witnesses may be called by the defendant in support of these defenses, unless the name is included on such list, except upon good cause shown.''

Each of the relators alleges that said portion of the new code is unconstitutional in that it violates the 4th, 5th, 6th and 14th Amendments of the Constitution of the United States. Relator Carlat alleges the district court erred in its order requiring the notice of the defense of insanity, self-defense or alibi either through a mistake of law or in willful disregard of it and that such order is not appealable.

We are aware of the refusal of both the appellate and supreme courts of New Jersey to review a like situation in that state, where the statute required notice of an alibi and requiring the defense to be raised properly at trial. State v. Angeleri, 48 N.J. 348, 225 A.2d 361 (1966). However, here we are confronted with the same attack in three separate murder cases. In view of the fact this is new law with no precedent in this jurisdiction; that the trials will be lengthy and costly, with the state bearing the burden of said cost, it is in our opinion necessary that in this matter only we assume jurisdiction. In so doing we are not changing our rules in this particular.

Regardless of the allegations of relators, section 95-1803(d), R.C.M.1947, is not designed to compel a defendant to say anything. Rather it requires the specific pretrial disclosure if, but only if, the defendant plans to assert the defense of insanity, self-defense or alibi. The purpose of the statute is expressed as that of notice only and to prevent surprise.

At this procedural stage of the proceedings the relators cannot allege that being required to give notice of their defense incriminates them, for the Constitution does not protect a defendant from the consequences of a defense he makes, nor does

it assure him a right to so defend as to deny the state a chance to check into the truth of his position. The cases uniformly reject the constitutional challenge here made. Rider v. Crouse, 357 F.2d 317, 318 (10 Cir. 1966); Jones v. Superior Court of Nevada County, 58 Cal.2d 56, 22 Cal.Rptr. 879, 882, 372 P.2d 919, 922, 96 A.L.R.2d 1213 (Sup.Ct.1962); State v. Stump, 254 Iowa 1181, 119 N.W.2d 210, 219 (Sup.Ct.1963), certiorari denied, 375 U.S. 853, 84 S.Ct. 113, 11 L.Ed.2d 80 (1963); People v. Shulenberg, 279 App. Div. 1115, 112 N.Y.S.2d 374 (3d Dept. 1952); People v. Rakiec, 260 App.Div. 452, 23 N.Y.S.2d 607, 612, 613 (3d Dept. 1940); People v. Schade, 161 Misc. 212, 292 N.Y.S. 612 (Cty.Ct.1936); State v. Thayer, 124 Ohio St. 1, 176 N.E. 656, 75 A.L.R. 48 (Sup.Ct.1931); Commonwealth v. Vecchiolli, 208 Pa.Super. 483, 224 A.2d 96, 99 (Super.Ct.1966); State v. Kopacka, 261 Wis. 70, 51 N.W.2d 495, 30 A.L.R.2d 476 (Sup.Ct.1952), annotated, 30 A.L.R.2d 480 (1953); 1 Wharton, Criminal Evidence (12th ed. 1955) § 23, p. 75; 2 Underhill, Criminal Evidence (5th ed. 1956) § 440, p. 1110; State v. Dodd, 101 Ariz. 234, 418 P.2d 571, 574 (Sup.Ct.1966).

Not all evidence obtained from a defendant is privileged under the 5th Amendment to the United States Constitution. The accused have been subject to: Blood samples and tests, Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; Appearing in lineups, Commonwealth v. Johnson, 201 Pa.Super. 448, 193 A.2d 833, United States v. Wade, 385 U.S. 811, 87 St.C. 81, 17 L.Ed.2d 53; Fingerprinting, People v. Jones, 112 Cal.App. 68, 296 P. 317; Furnishing specimens of handwriting, Gilbert v. California, 384 U.S. 985, 86 S.Ct. 1902, 16 L.Ed.2d 1003; Posing in court for identification purposes, People v. Clark, 18 Cal.2d 449, 116 P.2d 56, 62; Disclosure of records and documents kept by accused in compliance with state or federal statutes, Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787, Stillman v. United States, 177 F.2d 607; Medical examination of a prostitute for venereal disease pursuant to state statute, Ex parte Fowler, 85 Okl.Crim. 64,

184 P.2d 814; Medical examination when pleading insanity as a defense, Hunt v. State, 248 Ala. 217, 27 So.2d 186, 190-194, State v. Olson, 274 Minn. 225, 143 N.W.2d 69; Furnish names of witnesses who testify on a impotency defense, Jones v. Superior Court of Nevada County, 58 Cal.2d 56, 22 Cal.Rptr. 879, 372 P.2d 919; Disclosure of a letter addressed to wife sent from jail while awaiting trial for murder, State v. Grove, 65 Wash. 2d 525, 398 P.2d 170; Laws requiring a driver to stop and identify himself after an accident, People v. Rosenheimer, 209 N.Y. 115, 102 N.E. 530, 46 L.R.A.,N.S.,977.

In addition, the Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings, sections 94-9001-9007, R.C.M.1947, is another procedural provision of our Code wherein either the state or the defense must, before trial, reveal to the opposition at least part of its case. While this act has not been before this Court for construction, it has its counterparts in some 46 of our sister states plus the District of Columbia, Puerto Rico, and the Virgin Islands, and has been the law in most of these jurisdictions since the late 1930's. Montana adopted it in 1937, Chap. 188, Laws of 1937.

Mr. Justice Brennan in writing for the majority said in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed2d 908 (1966):

"The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it."

The pivotal issue is one of basic public policy as to how completely pretrial discovery and inspection in criminal cases should be analogized to that in civil cases. Such pretrial discovery in criminal cases is now in the evolutionary stage and each case must of necessity face the constitutional questions that arise, when and if they are raised during trial. The contention of the relators that any condition, however reasonable, consti-

tutes an abridgment of their constitutional rights is not supportable, for reasonable in nature does not ipso facto constitute an abridgment of basis rights involved. Preconditions to the right to raise constitutional defenses are not unknown to the law.

As concerns the argument based on public policy we direct attention to what is said by a recognized authority on statutory construction:

"What is called the 'policy' of the government, with reference to any particular legislation, is said to be too unstable a foundation for the construction of a statute. The clear language of a statute can be neither restrained nor extended by any consideration of supposed wisdom or policy. So long as a legislative enactment violates no constitutional provision or principle, it must be deemed its own sufficient and conclusive evidence of the justice, propriety and policy of its passage." Endlich, Interpretation of Statutes, § 5, pp. 8, 9.

The legality of search and seizure must be raised by motion before trial or the trial court has the discretion not to consider the question. Alston v. State, 30 Wis.2d 88, 140 N.W.2d 286 (1966). A plea of insanity requirement to be made on arraignment has been upheld. Datka v. State, 266 Wis. 124, 62 N.W.2d 420. Such procedural requirements have been upheld providing they serve a legitimate public interest.

The relators here have full freedom of choice to give or not to give the notice. If they elect not to do so, this being a procedural matter, no comment can be made at the time of trial. Should they elect to give the notice and at the time of trial do not use the defense no comment can be made at the time of trial.

The supreme court of Wisconsin in deciding a like statute involving notice in an alibi case, said:

"If a criminal trial is viewed as a draw poker game with all cards to be held close to the chest until played, this can be seen as requiring a tipping of one's hand in advance. However, if a criminal trial is viewed as a search for the truth, with every

protection provided for investigation and preparation and to insure against the conviction of the innocent, notice requirements forward the purpose of the process.'' State ex rel. Simos v. Burke, 41 Wis.2d 129, 163 N.W.2d 177, 180 (1968).

Under both our federal and state constitutions the accused enjoys the right to be heard by himself and by counsel. The relators here allege that the requirement of notice of an intent to interpose the defense of insanity, self-defense or alibi endangers their right to be heard or to stand mute. Granting the relators' right to stand mute, it does not follow that such constitutional right outlaws any and all procedural requirements as to notice.

As noted in State ex rel. Simos v. Burke, supra, at pp. 180, 181:

''When any witness takes the stand, he swears or affirms that he will tell the truth, the whole truth and nothing but the truth. What is constitutionally protected is the right of a defendant to testify truthfully in his own behalf. An alibi is not one of several alternative defenses that can be simultaneously asserted. If what the statute terms an alibi is founded in truth and in fact, the defendant was not present to commit the offense charged. If this is the situation, the defendant suffers no prejudice by the requirement of advance notice of intention to establish such fact. If we are discussing the right of a defendant to defer until the moment of his testifying the election between alternative and inconsistent alibis, we have left the concept of the trial as a search for truth far behind.''

This same logic can be said for the pleading of the defenses of insanity or self-defense.

In a recent New York court of appeals case, People v. Damon, 24 N.Y.2d 256, 299 N.Y.S.2d 830, 247 N.E.2d 651 (1969), where the trial court had ordered the defense to supply the prosecution with the prior statements of certain witnesses who were called to testify on behalf of the defendant, Justice Keating delivering the opinion of the court said:

"It is argued first that there was a possible violation of the right against self incrimination. We do not agree. These statements were not those of the defendant but of witnesses offered by the defendant. In no sense can it be said that he is being compelled to produce incriminating statements of his own. The privilege against self incrimination applies only to evidence of a testimonial or communicative nature obtained from the defendant himself. (Citing cases)"

While much of the previous discussion has been directed to the case law of jurisdictions with "notice of alibi" statutes, there has developed over the recent years statute and case law in applying the "notice" feature to pleas of insanity prior to trial. Some six states have such statutes: Ariz.Code, Sec. 44-1031 (1939); Fla.Stats.Ann. Sec. 909.17 (1943); Iowa Code Ann., Sec. 777-18 (1949); Mich.Comp.L., Sec. 768.20, 768.21 (1948); Or.R.S., Sec. 135.870 (1953); and Utah Code Ann., Sec. 77-22-16 (1953). Eight other states expressly require that the defense of irresponsibility be specially pleaded: Ala.Code Title 15, Sec. 423 (1940); West's Annotated Cal.Penal Code, Sec. 1016 (1949); Colo.Stats.Ann., Ch. 48, Sec. 507, 1935 (PP.Supp. 1953); Ind.Stats.Ann., Sec. 9-1701 (1933); Md.Code Ann., Art. 59, Sec. 6 (1951); Wash.Rev.Code, Sec. 10.76.020 (1951); Wis. Stats., Sec. 357.11(1) (1951); and Wyo.Comp.Stats., Sec. 10-902 (1945, PP. Supp. 1953). Several states provide for reciprocal discovery. See e.g. Fla.Rules Cr.Pro., Rule 1.220(c) (1968), 33 F.S.A. and N.J.Rules of Crim.Proc., Rule 3.5-11(d) (1968).

At least 30 other states and the District of Columbia permit or require examination of the accused when lack of mental capacity to stand trial or the defense of insanity is raised or comes to the court's attention. See State v. Whitlow, 45 N.J. 3, 210 A.2d 763, 767.

Attacks leveled at this type of procedural requirements, as being a transgression of the privilege against self-incrimination have been rejected. State v. Grayson, 239 N.C. 453, 80 S.E.2d 387 (1954); Castro v. People, 140 Colo. 493, 346 P.2d 1020

(1959); State v. Myers, 220 S.C. 309, 67 S.E.2d 506, 32 A.L.R. 2d 430 (1951); People v. Spencer, 60 Cal.2d 64, 31 Cal.Rptr. 782, 383 P.2d 134 (1963); French v. District Court, Division 9, 153 Colo. 10, 384 P.2d 268 (1963); Sinclair v. State, 161 Miss. 142, 132 So. 581, 74 A.L.R. 241 (1931); State v. Strasburg, 60 Wash. 106, 110 P. 1020, 32 L.R.A.,N.S., 1216; State v. Eisenhardt, 185 La. 308, 169 So. 417, appeal dismissed 299 U.S. 512, 57 S.Ct. 49, 81 L.Ed. 378 (1936); Jones v. Superior Court of Nevada County, 22 Cal.Rptr. 879, 372 P.2d 919.

The rationale of these cases and many others involving the notice of both alibi and insanity defenses prior to trial can be stated as follows: The learning of the identity of defense witnesses and the intended defense in advance merely enables the prosecution to perform its function at trial more effectively.

Thus, this type of statute does not infringe on the privilege against self incrimination rather it sets up a wholly reasonable rule of pleading which in no manner compels a defendant to give evidence other than that which he will voluntarily and without compulsion give at trial.

Such a statute does not violate the right to remain silent. Rather, as a procedural matter it says: If you do not intend to remain silent; if it is your intention to use any one of three defenses, alibi, insanity or self-defense, then you must give advance notice. However, if you personally or your witnesses wish to remain silent during the trial, then there can be no breach of that right. The statute simply requires disclosure of information to be used in the immediate future.

In our prior discussion here, we have indicated that specifically as to the defense of alibi no constitutional infringement on the rights of a defendant is involved when he is required to bring forth notice of intention. As to the defenses of insanity or self-defense, we interpret the language of section 95-1803(d), R.C.M.1947, as being directory only, since it is couched in terms of its specific purpose, that is, "for purpose of notice *only* and to prevent surprise * * *". (Emphasis

supplied.) The defendant who chooses to remain silent until later than the statute indicates may do so and for good cause may still interpose his defenses.

However, at this point, since the lack of notice may have produced surprise to the prosecution, the prosecution may be entitled to a recess or delay in the proceedings in order to have an opportunity to investigate to check the truth of the defense interposed. In other words, the language of the statute only strives to put the notice of defenses at an earlier stage in the trial proceedings than heretofore in criminal trials. Not only the language of the particular section leads us to this interpretation, but the overall purposes of the new criminal procedure act with its very broad discovery procedures, lead us to this conclusion.

In section 95-102 of the Montana Code of Criminal Procedure, the purpose and construction is set out as:

"These provisions are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay."

The code provides many safeguards to defendants—substitution of a judge and discovery proceedings of a broad nature—to name two. In its attempt to achieve fairness, the state as well as the defendant is considered. Where meritorious defenses exist, notice to prevent surprise is certainly desirable; and, under our interpretation here, good cause for a delay in asserting the defenses of insanity and self-defense may be shown as the right against self-incrimination. Accordingly, we hold that the statute on its face is constitutional. We recognize that it may be applied unconstitutionally, but until that problem occurs we shall not speculate on it.

We cannot in this proceeding anticipate the various problems that may arise during trial but we note that the trial court has been given permissiveness in the application of the rule and we are certain that the trial judges of this state will apply sound

discretion whenever and wherever basic questions concerning constitutional rights arise.

We feel obliged to take note of Justice Haswell's comment in his dissent to the majority holding as to the notice to be given by a statement to interpose the plea of insanity or self-defense. The plea under section 95-1606(c), R.C.M.1947, is simply "not guilty". The plea is not changed by this notice. Neither is the denial of implication in a criminal act nor the presumption of innocence in any way affected. Section 95-1803(d) very carefully uses the language "For purpose of notice only and to prevent surprise  *   *   *". It should be noted that furnishing the list of witnesses need not be done at the time of entering the plea but can be done at any time within 10 days after the plea is entered. Such language clearly indicates the very limited discovery tool for the purpose of searching for the truth. Such notice would in no way affect the defendant's presumption of innocence, nor would such information ever be available to the jury. The burden of proof beyond a reasonable doubt remains with the state. Inquiry as to competency of the accused and/or justification in a legal sense for the act are always proper subjects of determination in a legal proceeding. Section 95-1803(d) simply advances the stage of the inquiry. If section 95-1803(d) were interpreted or applied otherwise, so that the right of self-incrimination was invaded, then and only then would Justice Haswell's comments be meaningful.

Petitioners' applications are denied.

MR. CHIEF JUSTICE JAMES T. HARRISON, and the HONORABLE PHILIP C. DUNCAN, District Judge, sitting in place of MR. JUSTICE CASTLES, who deemed himself disqualified, and the HONORABLE BERNARD W. THOMAS, District Judge, sitting in place of MR. JUSTICE BONNER, concur.

MR. JUSTICE HASWELL (specially concurring in part and dissenting in part.)

I concur in the conclusion of the majority that section 95-1803(d), R.C.M.1947 as amended, is constitutional as applied to the defense of alibi. I dissent from the holding of the majority that this statute is constitutional as applied to the defenses of insanity and self-defense.

The majority draws no distinction between the three defenses in determining constitutionality, citing however, only cases involving the defense of alibi in support of its statement that "The cases uniformly reject the constitutional challenge here made" and proceeding to the dubious conclusion that "This same logic can be said for the pleading of the defense of insanity or self-defense." Finally, the majority concludes that the statutory requirement that defendant furnish the prosecution the specified statement and list of witnesses is not mandatory but directory only.

In my view, there is a fundamental difference between these three defenses under Montana law insofar as the constitutional guarantee against self-incrimination is concerned. The defense of alibi denies that the defendant committed the crime with which he is charged claiming that he was elsewhere at the time the crime was committed. Clearly no self-incrimination is involved here. Not so with the other two defenses. In pleading self-defense, the defendant admits committing the act constituting the crime but claims his act is legally justifiable. Montana law provides that "Homicide is also justifiable when committed by any person in any of the following cases" enumerating various acts of self-defense. Section 94-2513, R.C.M.1947. Thus, under Montana law the defendant necessarily must admit he committed the act constituting the crime with which he is charged before self-defense applies. The same is true of the defense of insanity—defendant necessarily admits he did the killing but claims it to be legally excusable because of his lack of the requisite mental capacity.

The constitutional rationale is basic. Every person accused of crime has an absolute constitutional right not to be compelled

to incriminate himself. This right against self-incrimination extends as well to compulsory incrimination to the prosecution prior to trial as to compulsory incrimination to the jury during the course of trial. American law, being accusatorial rather than inquisitorial, clothes a person accused of crime with the presumption of innocence which attends him at all stages during the trial until the prosecution, unaided by the accused's compulsory self-incrimination, proves him guilty beyond a reasonable doubt.

The statute in question here, in effect, requires an accused to admit commission of the act constituting the crime in advance of trial as the price to be paid for using the defenses of insanity or self-defense. If he does not do so, at the very least he is placed in jeopardy of being unable to use these defenses at his trial precluding any voluntary choice on his part. It will not do to say that the statute is directory only in view of its plain language that "the defendant *shall* furnish to the prosecution * * *"; "he *shall* also furnish to the prosecution * * *"; and that after the trial commences "no witness may be called by the defendant in support of these defenses, unless the name is included on such list, except upon good cause shown." A statute, depriving an accused of his constitutional rights is rendered no less objectionable by providing that "upon good cause shown" such rights may be restored.

For the foregoing reasons I would hold section 95-1803(d), R.C.M.1947, unconstitutional in regard to the defenses of insanity and self-defense as violative of the 5th Amendment to the United States Constitution as made applicable to the states under the "due process" clause of the 14th Amendment.