John Michael **RADFORD**, Petitioner-Appellant,

v.

**Roy R. STEWART**, Sheriff of Yellowstone County, Montana, or any other person having custody of John Michael Radford, Respondent-Appellee.

No. 71–1518.

United States Court of Appeals, Ninth Circuit.

Jan. 19, 1973.

Charles F. Moses (argued), of Sandall, Moses & Cavan, Billings, Mont., for petitioner-appellant.

Jonathan B. Smith, Asst. Atty. Gen. (argued), Robert L. Woodahl, Atty. Gen., Helena, Mont., Harold F. Hanser, County Atty., Billings, Mont., for respondent-appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and CONTI,* District Judge.

CONTI, District Judge:

Petitioner was convicted of first degree murder in a District Court of the State of Montana. Prior to trial he sought relief from the provisions of Section 95–1803(d) of the Revised Montana Code, 1947. That section provides:

". . . . . In all criminal cases originally triable in district court the following rules shall apply:

(a) List of Witnesses:

(1) For the purpose of notice only and to prevent surprise, the prosecution shall furnish to the defendant and file with the clerk of the court at the time of arraignment, a list of the witnesses intended to be called by the prosecution. The prosecution may, any time after arraignment, add to the list the names of any additional witnesses, upon a showing of good cause.

The list shall include the names and addresses of the witnesses.

\* \* \* \* \* \*

(d) For purpose of notice only and to prevent surprise, the defendant shall furnish to the prosecution and file with the clerk of the court at the time of entering his plea of not guilty or within ten (10) days thereafter or at such later time as the court may for good cause permit, a statement of intention to in-

---

\* Honorable Samuel Conti, United States District Judge, N.D.Calif., sitting by designation.

terpose the defense of insanity, self-defense or alibi. If the defendant intends to interpose any of these defenses, he shall also furnish to the prosecution and file with the clerk of the court, the names and addresses of all witnesses to be called by the defense in support thereof. The defendant may, prior to trial, upon motion and showing of good cause, add to the list of witnesses the names of any additional witnesses. After the trial commences, no witnesses may be called by the defendant in support of these defenses, unless the name is included on such list, except upon good cause shown."

Thus, in effect, the statute requires a defendant who intends to rely upon a defense of insanity, self-defense, or alibi, to serve notice upon the prosecution within ten days after plea, as well as to supply the prosecution with the names and addresses of witnesses to be called in support of those defenses. On its face the statute puts no corresponding duty on the prosecution.

Prior to trial, the defendant filed a writ with the Montana Supreme Court to test the constitutionality of the statute. The Montana Supreme Court held the statute constitutional in the case of State ex rel. Sikora v. Thirteenth Judicial District, 154 Mont. 241, 462 P.2d 897 (1969).

Defendant then went to trial after giving the requisite notice re insanity and self-defense. After sentence, defendant petitioned for habeas corpus to the Federal District Court for the District of Montana (Billings Division). That court denied his petition on December 22, 1970, in the case of Radford v. Stewart, 320 F.Supp. 826 (D.Mont.1970). This appeal is from that denial.

Appellant argues that compliance with the notice provisions re insanity and self-defense results in an admission that the acts charged in fact occurred. The prosecution is supplied with a "link in the chain of evidence" which tends to incriminate defendant. Blau v. United States, 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170 (1950). The state is thus assisted in its preparation of the case because it needs only to concentrate on rebuttal to these defenses.

In addition, it is argued that the case of Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), which upheld the constitutionality of a similar statute in Florida, is distinguishable. The Supreme Court in *Williams* upheld the statute based on the reciprocal discovery requirements it placed upon the prosecution. It is also argued that the *Williams* case only dealt with a situation involving an alibi defense, which differs from self-defense and insanity defenses because it does not admit the fact that the act was committed.

The Montana Supreme Court has interpreted the Montana statute as containing the reciprocity required by the *Williams* case, in the case of State v. Bentley, 155 Mont. 383, 472 P.2d 864 (1970). This court need not look any further than the Montana Supreme Court's own determination regarding its state statute, when said determination is in accord with constitutional demands as defined by the United States Supreme Court, at least as far as the question of reciprocity of discovery is concerned.

In addition, the facts of the instant suit do not provide grounds upon which the constitutionality of the reciprocity of Section 95–1803(d), R.C.M. (1947) can be tested. The record shows that the state operated in good faith in this action and did not use the discovery required merely to build its case. No investigation was made of the witnesses named by defendant. In fact, defendant was allowed, without objection, to call two witnesses whose names had not been noticed. Defendant also knew prior to trial of the prosecution's only rebuttal witness (a psychiatrist). Judge Battin thus found that under the facts of this case reciprocity existed. Radford v. Stewart, (supra).

Therefore, because the required reciprocity existed, and because the factual situation presented by this case reveals

no prejudice to petitioner, the holding of the District Court is affirmed. Our holding is limited to the facts of this case and we voice no opinion as to the merits of any future attacks on the statute in question, given a different factual situation.

Affirmed.