**PEOPLE OF THE TERRITORY OF GUAM**

v.

**EUGENE A. BENAVENTE, Defendant**

Criminal Case No. 24F-78

**PEOPLE OF THE TERRITORY OF GUAM**

v.

**ROY L. G. UNCHANGCO, Defendant**

Criminal Case Nos. 30F-78 and 50F-78

Superior Court of Guam

June 6, 1978

ABBATE, *Presiding Judge*

### DECISION AND ORDER

The above-captioned cases came before the Court on the government of Guam's motion to order discovery pursuant to § 70.25(b), (c) of the Guam Criminal Procedure Code. Section 70.25(b), (c) in pertinent part provides for discovery by the prosecution of reports and statements by experts made in connection with the case which are to be used at trial, the nature of the defenses to be used at trial,

and the names and addresses of the witnesses to be called at trial in support of the defenses.

 It is defendant's position that discovery under this statute violates his constitutional rights under the Fifth and Sixth Amendments. Beyond the mere assertion that the discovery violates his Sixth Amendment rights, defendant has failed to present any argument indicating in what way his Sixth Amendment rights have been impaired. Therefore, the Court finds no Sixth Amendment violation.

 Nor does the Court find the statute at issue violates defendant's Fifth Amendment rights.

The United States Supreme Court has upheld prosecutorial pre-trial discovery against a Fifth Amendment challenge. The Court in *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893 (1970), found constitutional a Florida discovery statute requiring the defendant to notify the prosecution of his intention to use an alibi defense and of the names of the witnesses he intends to call.

Although that case was addressing the narrower issue of notice-of-alibi, dicta indicates that the Court would uphold a more extensive discovery statute such as § 70.25(b), (c).

The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. *Williams v. Florida*, 90 S.Ct. at 1896.

The dissenters in *Williams* reinforce this Court's opinion that the Supreme Court laid the groundwork for broader pre-trial discovery.

Although this case itself involves only a notice-of-alibi provision, it is clear that the decision means that a State can require a defendant to disclose in advance of trial any and all information he might possibly use to defend himself at trial. *Williams v. Florida*, 90 S.Ct. at 1909.

The Supreme Court's dicta in *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840 (1966), is also illustrious of the Court's seeming willingness to uphold broader discovery.

. . . the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice.

The expanding body of materials, judicial and otherwise, favoring disclosure in criminal cases analogous to the civil practice. *Dennis v. United States*, 86 S.Ct. at 1849.

The Court notes that defendant has cited *United States v. Fratello*, 44 F.R.D. 444 (S.D.N.Y. 1968), and *Cantillon v. Superior Court*, 305 F.Supp 304 (C.D. Cal. 1969), in support of his allegation of a Fifth Amendment violation. These cases are pre-*Williams* and, therefore, do not reflect present Supreme Court thinking on pre-trial discovery.

It should be emphasized that not all evidence obtained from a defendant is privileged under the Fifth Amendment. Among other things, the accused have been subject to: Blood samples and tests, *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826 (1966); appearing in lineups, *United States v. Wade*, 385 U.S. 811, 87 S.Ct. 81 (1966); posing in court for identification purposes, *People v. Clark*, 18 Cal.2d 449, 116 P.2d 56 (1941); disclosure of records and documents kept by accused in compliance with state or federal statute, *Shapiro v. United States*, 355 U.S. 1, 68 S.Ct. 1375 (1948).

In delineating the protective scope of the Fifth Amendment, the Supreme Court in *Schmerber v. California*, 86 S.Ct. at 1831, reiterated:

History and a long line of authorities in lower courts have consistently limited its protection to situations in which the State seeks to submerge those values by obtaining the evidence against an accused through the cruel, simple expedient of compelling it from his own mouth.

Section 70.25 does not compel the defendant to be a witness against himself from his own mouth. But if he chooses not to remain silent, § 70.25(b), (c) merely requires him to disclose prior to trial information which he intends to disclose at trial. The reasoning in *Williams*, referring to the notice-of-alibi statute, is equally applicable to the statute at issue:

At most, the rule only compelled petitioner to accelerate the timing of his disclosures, forcing him to divulge at an earlier date information that the petitioner from the beginning planned to divulge at trial. Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense, any more than it entitles to await the jury's verdict on the State's case-in-chief before deciding whether or not to take the stand himself. *Williams v. Florida,* 90 S.Ct. at 1898.

The Fifth Amendment does not grant to the accused a right not to have his defenses investigated. ". . . for the Constitution does not protect a defendant from the consequences of a defense he makes, nor does it assure him a right to so defend as to deny the state a chance to check into the truth of his position." *State ex rel. Sikora v. District Ct.,* 462 P.2d 897 at 899.

Section 75.25(b), (c) provides the prosecution with the procedural mechanism with which it can investigate facts crucial to the determination of the case. Prosecutorial discovery assists in the ascertainment of truth and justice. In *Williams*, Chief Justice Burger in his concurring opinion enunciated the advantage of allowing prosecutorial pre-trial discovery:

In either case the ends of justice will have been served and the processes expedited. These are the likely consequences of an enlarged and truly reciprocal pre-trial disclosure of evidence and the move away from the "sporting contest" idea of criminal justice. *Williams v. Florida,* 90 S.Ct. at 1909.

In *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208 (1973), the Supreme Court again noted:

The growth of such discovery devices is a salutory development which, by increasing the evidence available to both parties enhances the fairness of the adversary system. As we recognized in *Williams*, nothing in the Due Process Clause precludes States from experimenting with systems of broad discovery designed to achieve these goals. *Wardius v. Oregon*, 93 S.Ct. at 2211.

Reflecting the need for discovery, a number of jurisdictions have enacted or judicially created prosecutorial pre-trial discovery provisions which are broader than notice-of-alibi. A sampling of these States include: New York, see *People v. Damon*, 247 N.E.2d 651, 299 N.Y.S.2d 830, 24 N.Y.2d 256 (1969); New Jersey, see *State v. Montague*, 262 A.2d 398, 55 N.J. 387 (1970); Missouri, see *State v. Burton*, 455 S.W.2d 60 (1976); Oregon, see *State v. Wolf*, 536 P.2d 555 (1975); Montana, see *State ex rel. Sikora v. District Ct.*, 462 P.2d 897 (1969); Illinois, see *People ex rel. Carey v. Strayhorn*, 6 Ill.2d 85, 329 N.E.2d 194 (1975).

The California Legislature has not enacted pre-trial discovery statutes in criminal proceedings. It is the position of the California Supreme Court in *Reynolds v. Superior Court*, 117 Cal. Rptr. 437, 528 P.2d 45 (1974), that it does not want to both promulgate the statutes and pass on their constitutionality, or by promulgating the statutes infringe on the Legislature's powers. Defendant cites four pre-*Reynolds* California cases: *McMullen v. Superior Court*, 6 Cal.App.3d 224, 85 Cal. Rptr. 729 (1970); *Prudhomme v. Superior Court*, 85 Cal. Rptr. 129 (1970); *People v. Bais*, 31 Cal.App.3d 663, 107 Cal. Rptr. 519 (1973); *People v. Chavez*, 33 Cal.App.3d 454, 109 Cal. Rptr. 157. Defendant's reliance on these cases is misplaced. Until the California Legislature enacts criminal pre-trial discovery

statutes and their constitutionality is challenged, California's position on their constitutionality is left unanswered.

Guam, unlike California, has enacted criminal discovery statutes. For the reasons aforementioned the Court finds no violation of defendant's Fifth Amendment rights.

Defendant further contends that, in any event, discovery should not be granted absent a showing of materiality and reasonableness. In support of his contention defendant cites *United States v. Estremara*, 531 F.2d 1103 (2d Cir. 1976). The quotation cited refers to the application of Rule 16 of the Federal Code of Criminal Procedure. The Federal Rules of Criminal Procedure are not applicable to Guam in territorial matters such as this.

Additionally, defendant argues that discovery should not be granted absent particularized requests. As authority, he cites the California case of *McMullen v. Superior Court*, 6 Cal.App.3d 224, 85 Cal. Rptr. 729 (1970) which was obviated by the California Supreme Court in *Reynolds v. Superior Court*, supra.

Government of Guam's motion for an order compelling discovery under § 70.25(b), (c) is granted.

SO ORDERED.