THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HENRY SCHADE, Defendant.

County Court, Queens County, November 4, 1936.

*Richard A. Koehler,* for the motion.

*Charles P. Sullivan, District Attorney* [*J. Irwin Shapiro* of counsel], in opposition.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, John F. X. McGohey* and *Benjamin Heffner* of counsel], *amicus curiæ.*

COLDEN, J.   This is a motion by the defendant to vacate and set aside a demand for a bill of particulars served upon defendant's attorney, pursuant to the provisions of section 295-l of the Code of Criminal Procedure.   The motion is based upon the ground (1) that the district attorney is guilty of laches in demanding the bill of particulars, and (2) that section 295-l, *supra,* is unconstitutional because it deprives the defendant of rights guaranteed to him by both the Federal and State Constitutions.

The court is appreciative of the assistance given in the determination of this question by the arguments and the briefs of counsel.

The question involved is the constitutionality of the new provision of the Code of Criminal Procedure by which the defendant in a criminal case is required to furnish a bill of particulars setting forth in detail the place or places where the defendant claims to have been at the time of the commission of the crime, together with the names, post office addresses, residences and places of employment of the witnesses upon whom he intends to rely to establish his presence elsewhere than at the scene of the crime at the time of its commission.   In short, this statute seeks to compel a defendant who contemplates using the so-called " alibi defense " to give certain particulars of the alibi to the prosecution a reasonable time before trial.   While the value of some of the reforms which are proposed in the administration of the criminal law may be fairly debatable, no one who is familiar with the activities of criminals in their use of " *alibi defenses* " can help but realize the necessity and the value of this provision of the Code of Criminal Procedure.   Manufactured alibis have too long thwarted the administration of justice and unless the contention raised by counsel for the defense is sound the statute should be sustained.

The first ground of the defendant's motion, to wit, the assertion

of laches, is untenable and as to that ground the motion is denied. The second ground urged, the alleged unconstitutionality of the statute, is the main point for consideration.

As the general legislative power is absolute and unlimited, except as restrained by the Constitution, every act of the Legislature must be presumed to be in harmony with the fundamental law until the contrary is clearly made to appear. (*People* v. *Crane*, 214 N. Y. 154.) Accordingly, it is the duty of the court " to uphold a statute enacted by the Legislature as constitutional if it is possible to do so without disregarding the plain command or necessary implication of the fundamental law." (*New York Central* v. *Williams*, 199 N. Y. 108.)

It must, therefore, be assumed that section 295-l of the Code of Criminal Procedure is constitutional unless somewhere within the pertinent provisions of the New York State Constitution or the United States Constitution words are found which prohibit either directly or by a fair inference the provisions of that statute.

The Fifth Amendment to the Constitution of the United States provides, in so far as applicable to this case: " No person * * * shall be compelled in any criminal case to be a witness against himself."

The identical provision is found in article 1, section 6, of the Constitution of the State of New York.

The Fifth Amendment, being one of the first ten Amendments to the Constitution of the United States, does not apply in the States. (See *Minneapolis & St. Louis R. R. Co.* v. *Bombolis*, 241 U. S. 211, 217.) The rulings of Federal courts are, however, enlightening.

The defendant relies upon the proposition discussed by the late Chief Justice MARSHALL when he said: " Many links frequently compose that chain of testimony, which is necessary to convict any individual of a crime. It appears to the Court to be the true sense of the rule, that no witness is compellable to furnish any one of them against himself. It is certainly not only a possible but a probable case, that a witness, by disclosing a single fact, may complete the testimony himself; and to every effectual purpose accuse himself as entirely as he would by stating every circumstance which would be required for his conviction. That fact of itself might be unavailing; but, all other facts without it would be insufficient. While that remains concealed within his own bosom, he is safe; but draw it from thence, and he is exposed to a prosecution. The rule which declares, that no man is compellable to accuse himself, would most obviously be infringed, by compelling a witness to disclose a fact of this description." (Burr's Trials, 244.)

While all of the cases subsequent to that landmark decision by Chief Justice MARSHALL lean heavily thereon, the decision, however, is no more than a broad and liberal interpretation of the words in the Constitution that " No person * * * shall be *compelled* in any criminal case to be a witness against himself." If, by the section under consideration herein, the defendant is " *compelled* " to be a witness against himself then section 295-l of the Code of Criminal Procedure is unconstitutional.

The fair inquiry then is, does this section " *compel* " the defendant to be a witness against himself?

In the first place, the information sought by the district attorney from the defendant is not as to matters which the defendant says may incriminate him but as to matters which the defendant says will exonerate him. However, it may be argued that in many instances the information or data given by one to exonerate himself may eventually lead to his conviction. (*People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253.) Taking that view for the purpose of discussion it is still evident that there is no compulsory force about section 295-l, inasmuch as it merely gives the district attorney the right to demand certain information with regard to a proposed alibi defense and merely directs the defendant to give that information, " *if* said defendant intend to offer, for any purpose whatever, testimony which may tend to establish his presence elsewhere than at the scene of the crime at the time of its commission." Certain it is that there is nothing about the section which compels the defendant to incriminate himself, nor is there anything which compels him to give any information to the district attorney unless he voluntarily and for his own benefit intends to use an alibi defense. He is the sole judge of what he is going to do and he is not compelled in any sense to be a witness against himself but merely to give certain information to the district attorney if he intends to submit an alibi.

In view of the fact that this is one of the first known attacks upon the constitutionality of section 295-l a short *résumé* of its history may not be amiss.

It was originally drawn by the Committee on Criminal Courts and Procedure of the New York County Lawyers Association for the American Bar Association, was approved by that body, and was thereafter, with amendments suggested by the Association of Grand Jurors of New York County, introduced in the Legislature and enacted into law.

Prior to the adoption of section 295-l, the only two States with laws dealing with an advance notice of an alibi defense were Michigan, which adopted its law in 1927, and Ohio, which adopted its law in 1929.

The Ohio statute reads as follows: " Whenever a defendant in a criminal cause shall propose to offer in his defense, testimony to establish an alibi on his behalf, such defendant shall, not less than three days before the trial of such cause, file and serve upon the prosecuting attorney, a notice in writing of his intention to claim such alibi; which notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense; in the event of the failure of a defendant to file the written notice in this section prescribed, the Court may, in its discretion, exclude evidence offered by the defendant for the purpose of proving such alibi." (Ohio Gen. Code, § 13444–20. 113 v. 190, ch. 23, § 20. Effective July 21, 1929.)

The Michigan statute, originally enacted in 1927 and thereafter amended into its present form in 1929, reads as follows:

" Defense of alibi or insanity; notice to prosecutor. Sec. 20. Whenever a defendant in a criminal case not cognizable by a justice of the peace shall propose to offer in his defense testimony to establish an alibi on behalf of the defendant, or of the insanity of such defendant either at the time of the alleged offense or at the time of trial, such defendant shall at the time of arraignment or within ten (10) days thereafter but not less than four (4) days before the trial of such cause file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to claim such defense and in cases of a claimed alibi such notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense.

" Same; effect of failure to file notice. Sec. 21. In the event of the failure of a defendant to file the written notice prescribed in the preceding section, the court may in its discretion exclude evidence offered by such defendant for the purpose of establishing an alibi or the insanity of such defendant as set forth in the preceding section." (Compiled Laws of Michigan for 1929, §§ 17313, 17314.)

The purpose of the adoption of the alibi statutes in Ohio, Michigan and this State is obvious. It was designed to prevent the sudden " popping-up " of witnesses to prove that the accused was not at the scene of the crime at the time of its commission and thus creating a " reasonable doubt " about the testimony of the State's witnesses. The bringing into the court room of " phoney alibi " witnesses at the eleventh hour and at a time which, in practice, affords the prosecutor no opportunity to check either the credibility of the witnesses or the accuracy of their statements is avoided by the alibi statutes. An alibi defense refuted is worse than no defense at all. Therefore, section 295-1 promotes the ends of justice and, in this respect at least, makes of our criminal code " a sword for

the guilty and a shield for the innocent." That that is the real purpose of a criminal code and of a penal law has apparently been lost sight of in recent years.

The alibi law adopted by the State of New York was, in substance, approved by the American Bar Association, by the Attorney-General's Conference on Crime held on December 10 to 13, 1934, at Washington, and by those in attendance at the Governor's Crime Conference in this State.

Reverting again to the basic question of constitutionality, we find that in the two States where similar alibi statutes are in force, their constitutionality has been either expressly or impliedly upheld.

In Michigan no direct attack has apparently ever been made upon the alibi statute. The statute, however, has been considered by the highest court of Michigan in the case of *People* v. *Wudarski* (253 Mich. 83; 234 N. W. 157). In that case the trial court had charged the jury in accordance with the usual and well-known rule of law that an alibi must be carefully scrutinized because it is a defense that is easy to fabricate and difficult to disprove.

Upon appeal the defendant urged this charge as error and said that while the charge of the court was good law, prior to the enactment of Michigan's alibi statute, the charge in so far as it said that an alibi was a defense hard to disprove, did not correctly state the law in view of the alibi statute. The court did not accept the contention thus advanced. True it is that the constitutionality of the statute was not directly in issue, but the decision, nevertheless, shows that Michigan's highest court has passed upon some phase of the statute without disapproving it. (To the same effect see, also, *People* v. *Marcus*, 253 Mich. 410; 235 N. W. 202.)

In Ohio a defendant whose alibi testimony had been excluded because he did not serve a bill of particulars of his defense of alibi was convicted by the trial jury. Upon appeal to Ohio's Court of Appeals he directly attacked the constitutionality of the statute. That court held the alibi law unconstitutional. Upon appeal by the State's Attorney to Ohio's Supreme Court, its highest court, that court reversed the finding of the Ohio Court of Appeals, held the statute constitutional, and said:

" The trial court excluded the testimony of certain witnesses offered by Thayer for two purposes: *First*, to establish an alibi; and, *second*, to contradict testimony offered by the State tending to establish that Thayer was in Stark County at the time named in the indictment. Thayer contended that at the time named in the indictment he was not in Stark County, but was in Canada on a fishing trip with witnesses whose testimony he was offering in support of his defense of alibi. The trial court rejected this

testimony because the fact was admitted by Thayer that he had not given the prosecuting attorney before trial the notice required by Section 13444–20, General Code, known as the alibi law.

" The Court of Appeals held that Thayer was not required to give such notice for two reasons, that is to say: *First,* that Section 13444–20 is unconstitutional, and, *second,* that even if it were constitutional, the testimony could not rightfully be excluded although it tended to establish an alibi, because the evidence offered was competent on the other ground, that it tended to contradict testimony offered by the State in support of the charge in the indictment.

" We cannot concur with the Court of Appeals in the reasons assigned by that Court to sustain the unconstitutionality of Section 13444–20. This law pertains to a very important feature of the Criminal Law. It gives the State some protection against false and fraudulent claims of alibi often presented by the accused so near the close of the trial as to make it quite impossible for the State to ascertain any facts as to the credibility of the witnesses called by the accused, who may reside at some point far distant from the place of trial. Thayer was not denied the right to testify himself fully as to his whereabouts at the time covered by the indictment. To admit such testimony from other witnesses on the ground that it tends to contradict testimony offered by the State is simply an indirect way of nullifying the statute entirely. Manifestly any alibi testimony must, in the very nature of things, contradict the evidence offered by the State, for the obvious reason that if the accused was not in the County and State at the time named in the indictment, then he cannot be guilty as charged, excepting, of course, instances in which he has aided or abetted or induced another to commit the crime during his absence from the place of the crime." (*State* v. *Thayer,* 124 Ohio St. 1; 176 N. E. 656.)

Certain it is that no innocent person can in any manner be injured by this statute. It is equally certain that the activities of criminals in manufacturing alibi defenses will be seriously checked, and we will no longer have the spectacle of a defendant suddenly and brazenly flaunting a manufactured alibi in the face of the court and of the jury.

The motion is, in all respects, denied.