JAMES STEVEN MILLER, APPELLANT, v.
STATE OF NEVADA, RESPONDENT.

No. 5976

June 22, 1970                                    471 P.2d 213

[Rehearing denied September 23, 1970]

*William B. Puzey,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Miller was indicted for burglary and soon thereafter retained counsel to represent him. His trial was originally scheduled to commence on October 28, 1968. Before trial, he jumped bail, fled to Texas, and was there apprehended in March 1969 and returned to Nevada. His trial was reset for Monday, May 19, 1969. On the preceding Thursday, May 15, he moved the court to release his retained counsel expressing displeasure with counsel's performance and stating reasons therefor. The court found that his reasons were without substance and required Miller to proceed to trial with that counsel, or to act as his own attorney. Miller selected the latter course, and his retained counsel was released.

At one point during trial the court refused to compel a police officer to name the informer who had alerted the police that a burglary was to occur. At another point during trial the prosecutor asked a police officer if he had known the defendant, to which the officer responded, "Yes, I had several occasions to investigate him." During summation to the jury the prosecutor made certain remarks which the defendant believes amounted to an impermissible reference to his failure to testify. These happenings form the basis of this appeal. The sufficiency of the evidence to support the conviction is not questioned.

1. The Sixth Amendment grants an accused "the assistance of counsel for his defense." A violation of this right at trial denies due process. Gideon v. Wainwright, 372 U.S. 335 (1963). Our state constitution also provides that an accused "shall be allowed to appear and defend in person, and with counsel. . . ." Nev. Const. art. 1, § 8. This protection, twice enshrined in our basic documents, may be waived if such waiver is knowingly and intelligently made. Cf. Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965); Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966). The protection of counsel, however, is not to be forced upon an accused who voluntarily elects to represent himself unless it appears during the course of the proceedings that counsel should be present either to advise (Hollander v. State, 82 Nev. 345, 418 P.2d 802

(1966); Hatten v. State, 83 Nev. 531, 435 P.2d 495 (1967); In re Dubois, 84 Nev. 562, 445 P.2d 354 (1968)) or to conduct the defense (Walker v. State, 85 Nev. 337, 455 P.2d 34 (1969)).

The words of our constitution, "to appear and defend in person, and with counsel" do not mean that a defendant is entitled to have his case presented in court both by himself and by counsel acting at the same time or alternatively at the defendant's pleasure. If the defendant elects to have counsel, he has no right to represent himself. Conversely, if he has intelligently declined the aid of counsel, he may not interrupt trial to demand counsel, nor later complain that he was not represented by counsel. People v. Mattson, 336 P.2d 937 (Cal. 1959). The record does not intimate that the defendant should not have been allowed to decline counsel and represent himself. His right to the assistance of counsel was not violated.

His election to represent himself inevitably increased the court's burden to insure a fair trial. Garner v. State, 78 Nev. 366, 374 P.2d 525 (1962). The court was particularly sensitive to its obligation. It cautioned the prosecutor not to take advantage and informed the defendant of his right to question and challenge jurors, to subpoena and examine witnesses, to argue his case, and other matters. Indeed, it is not contended that the court acted otherwise than with full appreciation of inherent problems caused by the defendant's choice to represent himself.

2. The police were alerted that a burglary was to occur and were staked out awaiting the arrival of the burglars. The defendant attempted to ascertain the identity of the informer, and the court sustained the prosecutor's objection to this effort.

As a general proposition, when the informer is a material witness on the issue of guilt and the accused seeks disclosure on cross-examination, the state must either disclose his identity or incur a dismissal. Roviaro v. United States, 353 U.S. 53, 60–61 (1957); People v. Perez, 401 P.2d 934 (Cal. 1965); State v. Cortman, 446 P.2d 681 (Ore. 1968). On balance, the problem is one of protecting the necessary flow of information against the accused's right to prepare his defense. Whether nondisclosure is error must depend upon the particular circumstances of each case. Roviaro v. United States, id. at 62.

The record does not hint that the informer might have been a material witness on the issue of guilt. He had merely informed the police that a burglary was to occur. Acting upon that information the police staked out the premises and apprehended the defendant. The defendant was on trial because of his acts witnessed by the police who were on the scene. He was not on trial because of prior information received. Adams v. State, 81 Nev. 524, 530, 407 P.2d 169 (1965). The court did not err.

3. A police officer, when asked if he had known the defendant before said, "Yes, I had several occasions to investigate him." The response was given in the context of a question directed to the issue of identification. No further elaboration was elicited. We have found no case declaring such a response to be error in this context, nor do we find it to be such.

4. During his closing summation the prosecutor stated, "I am going to ask the defendant . . . why the tools, why the careful planning?" This was not a comment upon the defendant's failure to testify, but rather a rhetorical question really directed to the jury. Cf. Fernandez v. State, 81 Nev. 276, 402 P.2d 38 (1965). Tools were carried by the defendant, and the fact of planning was implicit. The prosecutor's rhetorical question bore directly upon a central issue—whether the defendant entered the premises unlawfully with intent to commit larceny.
Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.