RICHARD EUGENE FOUNTS AND GARY LUFFMAN, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 6305

April 9, 1971 483 P.2d 654

[Rehearing denied May 6, 1971]

*H. Dale Murphy,* Public Defender, *Jerome M. Polaha* and *Jack Grellman,* Deputy Public Defenders, Washoe County, for Appellant Founts.

*Seymour H. Patt,* of Reno, for Appellant Luffman.

*Robert List,* Attorney General, *Robert E. Rose,* District Attorney, and *Robert R. Barengo,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

Richard Founts and Gary Luffman were convicted of two counts of armed robbery and one count of attempted robbery for the September 9, 1969 robbery of a Reno barber shop.

Founts was identified as the robber by the three barbers who were in the shop at the time of the robbery. One of the barbers, Mr. Keough, testified at the grand jury hearing that he had been held up by Founts in April of 1969. He said that he recognized Founts' voice before even turning to see him, since "When a man says 'Stick them up' twice, you recognize that voice."

Before the trial began the defense moved to exclude testimony with regard to the previous robbery. The motion was tentatively granted at that time and later modified so as to allow reference to the earlier meeting, but without detailed testimony to show the circumstances of that meeting.

In his examination of Mr. Keough, the prosecuting attorney referred to the April meeting as an "unfortunate confrontation" and characterized the circumstances as "highly unusual." No reference was made to the details of that meeting. The only reference to the April meeting which tended to show a robbery had taken place was Mr. Keough's response to a series of questions by Founts' counsel. Keough stated, "When a man says, 'Stick them up' twice to you, you remember it."

None of the three barbers saw Luffman who was allegedly the driver of the getaway car. His conviction was based solely on the testimony of a prosecution witness, Wayne Noel. Noel stated that he arrived at Luffman's on the morning of September 9, stayed through the day and drove to downtown Reno with Luffman and Founts. He was left in Reno and did not see the defendants again until later that evening, when he returned to Luffman's. He stated that the defendants were dividing some money and talking of a robbery they had committed when he returned. They told him they had left his car, which was identified as the robbery car, in downtown Reno.

Luffman sought to introduce the testimony of his roommate, Edward Harris, to show that they were together at the time of the robbery. Though the state had been orally notified several days before the trial began that Luffman intended to offer

this testimony, it objected to the admission of the testimony because NRS 174.087(1) had not been followed.[1] By an offer of proof, it was shown Harris would testify that he was with Luffman all day on September 9 and that they left together at 9:00 p.m. According to Harris, Noel left alone at about 5:00 p.m. Harris was allowed to testify before the jury as to events before 5:00 p.m. and after 9:00 p.m. but was not allowed to state that Noel left alone or that Luffman was at home at 6:00 p.m. when the robbery took place.

Essentially two issues are addressed on this appeal: (1) Whether the trial court erroneously allowed the introduction of testimony with regard to the April offense; and (2) Whether it was an abuse of discretion to disallow the alibi testimony of Harris.

1. This court has frequently held that evidence of previous offenses may be admitted only for limited purposes, and then only if its prejudicial effect is outweighed by its probative value in achieving that purpose. Tucker v. State, 82 Nev. 127, 412 P.2d 970 (1966); Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959); State v. Roberts, 28 Nev. 350, 82 P. 100 (1905). Because there was other evidence substantially establishing the element of identity, the probative value of testimony as to the April offense was diminished and that testimony was properly ordered excluded. Tucker v. State, supra.

Though the prosecution repeatedly referred to the "unusual" or "unfortunate" nature of the April meeting, nowhere in the course of the examination of Mr. Keough did it elicit a description of the offense which occurred. Therefore, no damaging previous-offense testimony was introduced and the rule proscribing the introduction of such testimony was not violated. Cf. Miller v. State, 86 Nev. 503, 471 P.2d 213 (1970). The only testimony as to the offense which occurred in April was

---

[1]NRS 174.087: *Notice of alibi by defendant before trial; district attorney to provide defendant with statement of results of investigation of alibi defense.*

1. If a defendant intends to offer in his defense evidence to establish an alibi, he shall give the district attorney written notice thereof not more than 3 days after the day of arraignment or 10 days before the date set for trial, whichever is later. Such notice shall include specific information as to the place where he claims to have been at the time of the alleged offense. In default of such notice, evidence of such alibi shall not be received unless the court, upon good cause shown, otherwise orders.

elicited as direct response to the questioning of defense counsel and may not be raised by the defendant as a basis of error.

The other asserted errors raised by Founts are without merit. Therefore, the conviction with respect to Founts must be affirmed.

2. Statutes such as NRS 174.087(1) which require notice to the prosecution when an alibi defense is contemplated are usually strictly applied. Annot. 30 A.L.R.2d 480 (1953). Strict compliance is compelled with the purpose of preventing the "popping up" of alibi witnesses at the eleventh hour when the prosecution will be unable to investigate the veracity of the alibi testimony. Williams v. Florida, 399 U.S. 78 (1970); State v. Dodd, 418 P.2d 571 (Ariz. 1966); People v. Schadd, 292 N.Y.S. 616, 617 (Queen's County Ct. N.Y. 1936); State ex rel. Simos v. Burke, 163 N.W.2d 177 (Wis. 1968).

Such strict compliance should not be blindly required if the end result will make the criminal prosecution a game, however. Commonwealth v. Shider, 224 A.2d 802 (Pa.Super. 1966); State ex rel. Simos v. Burke, supra; see generally Brennan, *The Criminal Prosecution: Sporting Event or Quest for Truth* 1963 Wash. U.L.Q. 279. The statute allows for the trial court to exercise its discretion to allow introduction of alibi testimony despite noncompliance. That discretion should be exercised, according to the statute, when good cause for such exercise is shown by the defendant.

"Good cause" for the exercise of such discretion may be shown by a variety of factors and the particular situation presented by each case must be considered. Gray v. State, 161 N.W.2d 893 (Wis. 1968). Some of the factors considered are reflected in decisions of courts of other states, including, for example: Whether the testimony is sought to be introduced at such a late time in the course of the trial that even an adjournment for investigation would not cure the prejudice to the state, State v. Woodard, 246 A.2d 130, 134 (N.J.Super.App. Div. 1968); whether an excuse was shown for the omission, State v. Adair, 469 P.2d 823, 826 (Ariz. 1970); whether the information failed to describe the occurrence of the crime with sufficient specificity to enable the accused to prepare an alibi defense, Bush v. State, 454 P.2d 429, 434 (Kan. 1969); and whether the alibi had such substance as to have probative value to the defense, State v. Martin, 410 P.2d 132, 137 (Ariz.App. 1966).

Also relevant, by analogy, are cases discussing the effect of the state's failure to give the required notice with regard to witnesses it intends to produce. Often emphasized is the factor of surprise and its consequent prejudicial effect upon the defendant's investigation and cross-examination of witnesses. Battese v. State, 425 P.2d 606 (Alaska 1967); People v. Speck, 242 N.E.2d 208, 220 (Ill. 1968); Jackson v. State, 259 A.2d 587, 590 (Md.App. 1969). Also considered are reasons why the proper notice was not given, the value of the offered testimony, the prejudicial effect upon either side by the admission or nonadmission of the testimony and the feasibility of a postponement. State v. Miner, 258 A.2d 815, 825 (Vt. 1969).

In the instant case, we feel that an overview of the situation presented leads to the conclusion that there was good cause for allowing the alibi testimony despite noncompliance with NRS 174.087(1). The excluded alibi witness did not "pop up" at the eleventh hour, so the state cannot claim to have been surprised or prejudiced in its investigation. Moreover, defendant made an offer of proof at the trial as to what the alibi witness would testify. The importance of this testimony was evident since it directly contradicted that of the sole witness against Luffman. This case is thus similar to Commonwealth v. Shider, 224 A.2d 802 (Pa.Super. 1966). As the court held there, we hold that on the facts presented, requiring strict compliance with the statute would defeat the ends of justice and fair play which is the policy underlying the statute.

Affirmed as regards Appellant Founts; reversed and new trial ordered as regards Appellant Luffman.

MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

BATJER, J., concurring in part and dissenting in part:

I concur in the majority's opinion as regards to appellant Founts and agree that the judgment of the lower court should be affirmed. I respectfully dissent from the majority's opinion as regards the appellant Luffman.

Luffman, without giving the written notice required by NRS 174.087, sought to have his roommate, Edward Harris, testify that they were together at their place of residence at the time of the alleged robbery. An offer of proof was made outside the presence of the jury. The trial judge precluded Harris from giving testimony to establish an alibi for Luffman.

It appears that the state had been orally notified a few days[1] before the trial began that Luffman intended to offer the alibi testimony of Harris. Luffman contends that the trial court abused its discretion when it precluded the alibi testimony of Harris, and the majority of this court agrees with Luffman's contention. As a companion contention Luffman maintains that the testimony of Harris was offered not as alibi evidence but as impeachment of the prosecution witness Noel, who placed Luffman with Founts before and after the time of the alleged robbery. Although Harris' testimony might of had the dual effect of impeaching Noel we must nevertheless read "evidence to establish an alibi" to mean any testimony placing Luffman somewhere else at the time of the robbery. State ex rel. Simos v. Burke, 163 N.W.2d 177 (Wis. 1968). Cf. State v. Ovitt, 229 A.2d 237 (Vt. 1967).

NRS 174.087 is a mandatory statute. The language is plain, unambiguous, positive and forceful. It provides that notice of intent to offer evidence to establish an alibi must be given in writing to the district attorney 10 days before trial, and it further provides that "[I]n default of such notice, evidence of such alibi *shall not be received* unless the court, upon good cause shown otherwise orders."

Statutes such as NRS 174.087(1) which require notice to the prosecution when an alibi defense is contemplated are in derogation of the common law and must be strictly construed. State v. Ovitt, supra. As was pointed out in the majority opinion, strict compliance is compelled with the purpose of preventing the "popping up" of alibi witnesses at the eleventh hour when the prosecution will be unable to investigate the veracity of the alibi testimony, unless the trial is recessed for that purpose. Annot. 30 A.L.R.2d 480 (1953).

Whether evidence of such alibi, without proper notice, can be received is entirely within the discretion of the trial court. NRS 174.087; State v. Selbach, 68 N.W.2d 37 (Wis. 1955); State v. Woodard, 246 A.2d 130 (N.J.App. 1968).

In Brown v. State, 81 Nev. 397, 404 P.2d 428 (1965), this court said: "Of course the discretion reposed in the trial judge is not unlimited, but an appellate court will respect the lower court's view unless it is manifestly wrong." See also State v. Lewis, 50 Nev. 212, 255 P. 1002 (1927).

No reason was proffered by Luffman why the witness Harris should have been permitted to testify despite the lack of notice.

---

[1]The record indicates that the period of time was probably two (2) days.

The trial court specifically found that there was no reason or excuse given by Luffman for his failure to give the required notice and the record supports this finding. The only basis appearing in the majority opinion, for finding an abuse of discretion by the trial court, is the fact that a few days before trial the attorney for Luffman orally advised the district attorney that Harris would be called to supply an alibi for Luffman, together with the fact that the state had prior information that Harris lived with Luffman. These facts are not sufficient to support a finding that the trial court was manifestly wrong.

In the case of State v. Selbach, supra, it was admitted that no written notice was given to the district attorney pursuant to a statute. However, the trial attorney stated that he had given the district attorney oral notice thereof shortly before the trial and in his opening statement at the trial he had made reference to the proposed alibi testimony. There the defendant claimed that this was sufficient notice under the statute and amounted to "good cause shown" as provided by the statute. The Wisconsin Supreme Court held that the language of the statute was plain and unambiguous. Any notice given thereunder must be in writing and whether good cause is shown for permitting the receipt of alibi testimony in the absence of a written notice is a matter within the discretion of the trial court.[2]

Here the indictment was found against Luffman and filed on January 22, 1970. In the indictment Luffman was accused of committing the crime of robbery on or about September 9, 1969. The proceedings of the grand jury were filed on January 27, 1970, and in that transcript the victim testified that the robbery took place just before 6:00 p.m. on September 9, 1969. In that same transcript a Wayne Richard Noel, who claimed to have been an acquaintance of Luffman for a period of several months, testified that he came to Luffman's residence on September 9, 1969; that at about 4:00 p.m. of that day he loaned his automobile to Luffman and that they went to downtown Reno, Nevada, where he got out of the automobile and Luffman and Founts drove off. Noel further testified that he returned to Luffman's residence that evening about 6:30 p.m. and found Luffman, Eddie Harris, Founts and two other people.

---

[2]Cf. State ex rel. Simos v. Burke, supra, (cited in the majority's opinion) where the *defendant* was precluded from testifying that he was at a location other than the place of the accident because he had not given notice of an alibi under the applicable Wisconsin statute which in pertinent parts is very similar to NRS 174.087. See also State v. Rider, 399 P.2d 564 (Kan. 1965); State v. Taylor, 424 P.2d 612 (Kan. 1967).

Luffman and Founts were discussing an armed robbery that they had just committed.

Here we do not have any vagueness or question about the time of the commission of the alleged crime or a situation where the identity of an alibi witness is discovered for the first time because of a last minute investigation, or by reason of testimony at trial, but instead we have proposed alibi testimony of a roommate about a specific place and period of time all known to Luffman, approximately two months before his trial commenced on March 23, 1970.

If there was any real question about the constitutionality, notice-of-alibi statutes such as NRS 174.087, that question was put to rest in the case of Williams v. Florida, 399 U.S. 78 (1970)[3] when the United States Supreme Court said: "We conclude, however, as has apparently every court which has considered the issue that the privilege against self-incrimination is not violated by a requirement that the defendant give notice of an alibi defense and disclose his alibi witnesses."

Almost without exception, in the jurisdictions where the trial courts have exercised their discretion and refused to accept alibi testimony because of non-compliance with the notice-of-alibi statute, the appellate courts have found no abuse. State v. Selbach, supra; Cox v. State, 219 So.2d 762 (Fla.App. 1969); State v. Dodd, 418 P.2d 571 (Ariz. 1966); People v. Williams, 160 N.W.2d 599 (Mich.App. 1968); State v. Woodard, supra; Gray v. State, 161 N.W.2d 892 (Wis. 1968). Cf. State v. Ovitt, supra. In State v. Sharp, 451 P.2d 137 (Kan. 1969), the applicable statute required that a notice of a plea of alibi be served upon the county attorney not less than seven days before trial. The notice was served not more than five days before trial. The lower court held that there had not been compliance with the statutory requirement and refused to grant permission for late service and the Supreme Court of Kansas held that the lower court did not abuse its discretion in such refusal. In State v. Leigh, 199 P.2d 504 (Kan. 1948), the trial court allowed a witness to give alibi testimony when the proper written notice had not been timely given. The appellate court found an abuse of discretion and reversed the trial court.

[3]In footnote 14 of Williams v. Florida, supra, the High Court noted: "We emphasize that this case does not involve the question of the validity of the threatened sanction, had petitioner chosen not to comply with the notice-of-alibi rule. Whether and to what extent a State can enforce discovery rules against a defendant who fails to comply, by excluding relevant, probative evidence is a question raising Sixth Amendment issues which we have no occasion to explore."

The opinion of the majority is destroying all effectiveness of NRS 174.087 and rendering it nugatory. If it is a manifest abuse of discretion for the trial judge to refuse to relieve Luffman of the effect of NRS 174.087, then it is hard to image a situation where a trial judge could enforce the statute without committing error.

His other assignments of error being without merit, the judgment against Luffman should be affirmed.