RANDEL HOWARD GOFF, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 6709

May 1, 1972                                    496 P.2d 160

*Robert G. Legakes,* Public Defender, and *Stewart L. Bell,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

Appellant stands convicted of robbing the Beer Barrel Bar in Las Vegas, Nevada, on April 1, 1970.

During the trial appellant testified that while he was in the Clark County jail shortly after his arrest he met a person named Robert Lee Mason who, appellant alleges, indicated that he had committed the crime for which appellant was accused. The transcript reads in pertinent part:

[By defense attorney George H. Spizzirri:]

"Q. Did you talk to Mr. Mason on—at any time while you were in the same cell together?

A. Yes.

Q. And do you recall approximately when this conversation took place, the time?

A. All I know it was in the daytime.

Q. Was anyone else present besides yourself?

A. Yes, me and Carter.

Q. Could you tell us and tell the jury what exactly was said at this time?

MR. GUY: [Deputy District Attorney]   I'm going to object, Your Honor.

MR. SPIZZIRRI:   Generally, an objection has a basis.

COURT:   Yes.

MR. GUY:   Very well, Your Honor, it concerns a man who is not present if my understanding is clear on it.

MR. SPIZZIRRI:   The statements were made in the presence of the defendant, Your Honor.

COURT:   I don't think you have shown that whatever the statements are, are an exception to the hearsay rule."

No further foundation was laid or offer of proof made to elicit any testimony concerning what appellant now alleges to be a declaration against penal interest.

Further on, the trial court sustained an objection for lack of foundation as to the admissibility of Mason's photograph.

Appellant raises two issues on appeal. Did the trial court err in excluding a hearsay declaration against penal interest? Did the trial court err in excluding the photo of Mason?

1. Appellant asserts that the statement of Mason alluded to in the portion of the transcript set out above was in fact a declaration against penal interest and therefore should have been admitted as an exception to the Hearsay Rule. This court has held in Alexander v. State, 84 Nev. 737, 449 P.2d 153 (1968), that the exception sought to be applied is not recognized in this state when the declaration is sought to be proved solely through the mouth of the defendant. 84 Nev., at 742. However, the Nevada Legislature has seen fit to adopt the exception which now appears in NRS 51.345(1)(b) as follows:

"A statement which at the time of its making:

". . .

"(b) So far tended to subject him to civil or criminal liability;

". . .

that a reasonable man in his position would not have made the statement unless he believed it to be true is not inadmissible under the hearsay rule if the declarant is unavailable as a witness."

All of this, however, does not advance appellant's case, as there are two deficiencies in the record presented to this court. First, there was no showing that the purported declarant was "unavailable as a witness" within the contemplation of NRS 51.055. Secondly, whatever Mason's statement or alleged admission was, it is not preserved for our review, and, consequently, we are unable to determine whether it was a declaration against penal interest which determination is required before we can say that the trial judge erred in excluding the hearsay.

If we view Mason's alleged admission as an alibi for Goff, still no relief is available. NRS 174.087(1) requires alibis to be noticed to the district attorney ten days before trial. This was not done here, nor was there a "good cause" shown for not doing so. Founts v. State, 87 Nev. 165, 483 P.2d 654 (1971). Further, there was no offer of proof made which allows us to determine whether the statement could be considered to be an alibi.

2. The appellant admits in his brief that there was

insufficient foundation for the photograph if the declaration was not admitted. Resolution of point one resolves point two.

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.