ROBERT Z. WILLIAMS, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 11289

January 2, 1981                                        620 P.2d 1263

*Carmine J. Colucci,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *H. Douglas Clark* and *Mel Bowers,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

The single issue which we discuss is dispositive of this appeal, specifically, whether the trial court abused its discretion in precluding appellant from introducing independent alibi testimony. We hold that it did and, in the context of this case, that such abuse constitutes reversible error.

Appellant, Robert Z. Williams, was tried by jury and found guilty of robbery with the use of a deadly weapon during the commission of a crime. NRS 200.380; 193.165. The evidence showed that the offense was committed at 11:30 p.m. on May 1, 1978.

The record is clear concerning appellant's intention to call alibi witnesses. Appellant's written alibi notice, filed and served on the state on July 24, 1978, provides that four alibi witnesses would be called, and that their expected testimony would establish that Williams was with them from 9:00 p.m. on May 1, 1978, until after midnight up to the early hours of May 2, 1978.

Appellant's trial had been scheduled for July 31, 1978, but was trailed and commenced August 3, 1978. On July 27, 1978, the state filed a motion for order excluding alibi evidence pursuant to statute. NRS 174.075; 174.087-174.135. During the hearing of the motion, the state argued, as it does in this appeal, that because the alibi notice was belatedly filed, it should be excluded.[1] The trial court granted respondent's motion which determination provides the basis for this appeal.

---

[1]NRS 174.087 provides in part:

> 1. A defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than 10 days before trial or at

A witness listed on the notice of alibi and named as "Dorothy Last-Name-Unknown," an employee of the Elks Bar, is one of several crucial proffered witnesses who appellant maintains could corroborate his own alibi testimony. Appellant was the sole defense witness as the trial court's exclusionary ruling had the effect of precluding the calling of any of appellant's alibi witnesses.

The trial court based its disallowance of the testimony of the four proffered "alibi" witnesses upon appellant's failure to comply with the statutory notice of alibi provisions. NRS 174.087. The purpose of NRS 174.087 is to counter-balance the ease with which an alibi can be fabricated, the government's interest in protecting against a belated defense and the "suspect nature" of alibi testimony. Eckert v. State, 96 Nev. 96, 101, 605 P.2d 617, 620 (1980). In Founts v. State, 87 Nev. 165, 483 P.2d 654 (1971), we noted that although statutes such as NRS 174.087 are usually strictly applied, such strict compliance should not be "blindly required if the end result will make the criminal prosecution a game." *Id.*, at 169, 483 P.2d at 656. *Founts* further held that for "good cause" shown, the trial court should exercise its discretion to allow the introduction of alibi testimony irrespective of a defendant's non-compliance with NRS 174.087. We considered the following to be demonstrative of good cause for non-compliance:

> Whether the testimony is sought to be introduced at such a late time in the course of the trial that even an adjournment for investigation would not cure the prejudice to the state, State v. Woodard, 246 A.2d 130, 134 (N.J.Super.App.Div. 1968); whether an excuse was shown

such other time as the court may direct, file and serve upon the district attorney a written notice of his intention to claim such alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as are known to the defendant or his attorney, the names and addresses of the witnesses by whom he proposes to establish such alibi.

. . . .

4. *If a defendant fails to file and serve a copy of such notice* as herein required, *the court may exclude evidence offered* by such defendant for the purpose of proving an alibi, except the testimony of the defendant himself. If such notice is given by a defendant, *the court may exclude the testimony of any witness offered* by the defendant for the purpose of proving an alibi if the name and address of such witness, as particularly as is known to the defendant or his attorney, is not stated in such notice.

(Emphasis added.)

for the omission, State v. Adair, 469 P.2d 823, 826 (Ariz. 1970); whether the information failed to describe the occurrence of the crime with sufficient specificity to enable the accused to prepare an alibi defense, Bush v. State, 454 P.2d 429, 434 (Kan. 1969); and whether the alibi had such substance as to have probative value to the defense, State v. Martin, 410 P.2d 132, 137 (Ariz.App. 1966).

*Id.,* at 169, 483 P.2d at 656. *See also* Eckert v. State, 96 Nev. 96, 605 P.2d 617.

Here, the written notice was filed with the court seven days prior to the scheduled trial date. The trial did not actually begin until August 3, or 10 days subsequent to the filing and service of the alibi notice. In *Founts,* with only two days oral notice of the proposed alibi testimony, we held that the failure to allow alibi testimony constituted reversible error. Founts v. State, 87 Nev. at 170, 483 P.2d at 657. Although the delay in the instant case may have justified at least a short continuance had it been requested which would have cured any prejudice claimed by the state, the effect of the trial court's determination not to permit the proffered testimony cannot be minimized.[2] Here, Dorothy Perkins, the victim, similar to the *Founts* case, was the only witness that actually placed appellant at the crime scene. Although she might be said to have positively identified appellant, there were several discrepancies in her testimony. Such discrepancies coupled with the suggested probative value of the proposed alibi testimony is potentially greater than that which was demonstrated in *Founts* because here there are four named alibi witnesses rather than merely one, and the witnesses in the present case do not reside with the appellant as did the witness in *Founts.* Moreover, as in *Founts,* the significance of the alibi testimony was obvious as it would directly contradict the state's sole eye-witness. Indeed, the alibi defense was central to appellant's case.

Having shown "good cause" relative to the probative value of the anticipated testimony, more notice than that afforded by the prosecution in *Founts,* and a reasonable explanation for the

---

[2]Nevertheless, we believe that the state was afforded sufficient notice by which to make at least a cursory investigation into the tendered alibi prior to trial. Particularly because in this case three of the four proposed alibi witnesses resided at the same address and the exact address of the fourth witness was easily obtainable by investigators going to her place of employment which was contained in the notice of alibi. The record is devoid of even a suggestion that such an investigation was undertaken, although a review of the notice of alibi shows that each of the proposed witnesses were readily locatable.

nominal delay,[3] on this record, to require strict compliance with the statute would "defeat the ends of justice and fair play which is the policy underlying the statute." Founts v. State, 87 Nev. at 170, 483 P.2d at 656.

In *Founts* we held that the court's discretion should be exercised whenever good cause appears, and although we stated in Eckert v. State, 96 Nev. at 101, 605 P.2d at 620, that "we should uphold the court's exercise of that discretion absent manifest abuse," *citing* Brown v. State, 81 Nev. 397, 400, 404 P.2d 428, 430 (1965), here, because of the state's failure to show prejudice to its case and as good cause was shown justifying the admission of the alibi evidence, its exclusion amounted to an abuse of discretion.[4]

Reversed and remanded.

MOWBRAY, C. J., and GUNDERSON and BATJER, JJ., and BREEN, D. J.,[5] concur.

---

[3]Appellant's trial counsel timely dictated the notice of alibi, but through inadvertence, failed to file and serve it until just several days prior to the expected commencement of the trial. In retrospect, the notice was given 10 days prior to the actual commencement of the trial.

[4]Appellant cites United States v. Melchor Moreno, 536 F.2d 1042 (5th Cir. 1976), for the additional proposition that the instant foreclosure constituted a violation of his constitutional rights to compulsory process for obtaining favorable witnesses and to due process of law. We need not reach this constitutional claim because a decision thereof is not necessary for the determination of this case. Spears v. Spears, 95 Nev. 416, 418, 596 P.2d 210, 212 (1979); State *Ex Rel.* Adams v. Allen, 55 Nev. 346, 350, 34 P.2d 1074, 1075 (1934).

[5]The Governor designated The Honorable Peter I. Breen, Judge of the Second Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.