An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

WARDEN LEGRAND,
Petitioner,
vs.
THE ELEVENTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
PERSHING; AND THE HONORABLE
JIM C. SHIRLEY, DISTRICT JUDGE,
Respondents,
and
KEVIN D. SUTTON,
Real Party in Interest.

No. 69138

FILED

DEC 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This original petition for a writ of mandamus requests this court to direct the district court to transfer the real party in interest Kevin D. Sutton's postconviction petition for a writ of habeas corpus to the Eighth Judicial District Court pursuant to NRS 34.738(1), (2)(b). Petitioner has no adequate remedy in the ordinary course of law. *See* NRS 34.170; NRS 177.015.

Sutton filed a postconviction petition in the Eleventh Judicial District Court in which he challenged the constitutionality of NRS 193.165 as it applied to his sentence. The district court ordered petitioner to respond. Subsequently, petitioner filed a motion for reconsideration of the district court's order, contending that Sutton's postconviction petition challenged the validity of his sentence and therefore NRS 34.738(1) required him to file his petition in the Eighth Judicial District Court where his conviction occurred. The district court denied the motion,

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38481

concluding that Sutton's postconviction petition did not challenge his conviction or sentence but contested the constitutionality of the parole board's interpretation and application NRS 193.165. As such, the district court reasoned, Sutton's "complaint is aimed at more than his guilt or innocence, but is intended to challenge the very existence of the statute."[1] Therefore, according to the district court, the petition could be filed in the court for the county in which Sutton is incarcerated. *See* NRS 34.738(1).

Petitioner argues that Sutton's postconviction petition challenges the validity of his sentence and therefore must be filed in the jurisdiction where his conviction occurred. As such, the district court is obligated under NRS 34.738(2)(b) to transfer the petition to the clerk of the Eighth Judicial District Court. We agree. In his postconviction petition, Sutton argues that NRS 193.165, as applied to his sentence, created a separate offense requiring a parole board hearing for release and therefore violated the Fifth Amendment prohibition against double jeopardy. That is a challenge to the validity of his sentence, despite Sutton's assertions in his pleadings below that it is not. *See generally In re Samford*, 249 S.W.3d 761, 762 (Tex. Ct. App. 2008) (observing that pleading is defined by its substance). Because NRS 34.738(2)(b) compels the district court to transfer Sutton's postconviction petition to the Eighth Judicial District Court, a writ of mandamus is warranted. *See* NRS 34.160 (providing that mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust, or station); *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603, 637

---

[1]The district court filed an amended order denying the motion for reconsideration in this court on November 19, 2015.

P.2d 534, 536 (1981) ("A writ of mandamus will issue when the respondent has a clear, present legal duty to act."). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to transfer Sutton's postconviction petition for a writ of habeas corpus to the clerk of the Eighth Judicial District Court pursuant to NRS 34.738(1), (2)(b).

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Jim C. Shirley, District Judge
       Attorney General/Carson City
       Attorney General/Reno
       Kevin Devon Sutton
       Pershing County Clerk