# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAYSAN MATTHEW GAL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78132

**FILED**

JUN 3 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of statutory sexual seduction, incest, child abuse and neglect (sexually motivated), lewdness with a child under 14 years of age, and unlawful use of a minor in producing pornography or as the subject of a sexual portrayal in a performance. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Appellant Jaysan Gal argues the district court abused its discretion when it restricted his cross-examination of the State's primary witness regarding potential bias, by admitting improperly authenticated text messages, and by admitting improperly noticed emails. Gal avers that because these errors were not harmless, reversal is warranted. We agree and reverse Gal's conviction and remand for a new trial.

*The district court abused its discretion in restricting Gal's cross-examination of the State's primary witness*

During the trial testimony of Nye County Sheriff Sharon Wehrly, Gal inquired about the county's settlement of a civil lawsuit he brought against the county. Sheriff Wehrly detailed that then-Detective David Boruchowitz was involved in the wrongdoing leading to the settlement. Sheriff Wehrly testified that the lawsuit did not bias the investigation of Gal in this case, even though the lawsuit brought

20-24223

embarrassment to her department. Later, outside the presence of the jury, the State moved in limine to prohibit Gal from inquiring further about the civil lawsuit during his cross-examination of now-Lieutenant Boruchowitz. The State claimed that this questioning was not relevant for the jury to determine whether Gal was guilty. Gal disagreed and recounted that the civil lawsuit involved mishandling of evidence, that the lawsuit went to "an inherent bias" by law enforcement, and that it would be helpful for the jury to hear. The district court restricted Gal's questioning of Lieutenant Boruchowitz, finding that Gal's inquiry was not relevant, that it would confuse the jury and, if allowed, would be more prejudicial than probative. Gal argues on appeal that the district court abused its discretion by prohibiting him from cross-examining Lieutenant Boruchowitz about the civil lawsuit.

"Generally, the permissible extent of cross-examination is largely within the sound discretion of the trial court. However, there is a variation between the latitude of that discretion where cross-examination is utilized to attack a witness's general credibility, and where its purpose is to expose bias." Bushnell v. State, 95 Nev. 570, 572, 599 P.2d 1038, 1039 (1979). "The court's discretion is more limited . . . when the purpose of cross-examination is to expose bias, and counsel must be permitted to elicit any facts which might color a witness's testimony." Crew v. State, 100 Nev. 38, 45, 675 P.2d 986, 991 (1984). Appropriate restrictions are normally "those inquiries which are repetitive, irrelevant, vague, speculative, or designed merely to harass, annoy or humiliate the witness." Lobato v. State, 120 Nev. 512, 520, 96 P.3d 765, 771 (2004) (internal quotation marks omitted).

Gal argued before the district court, as he does on appeal, that he intended to show Lieutenant Boruchowitz's bias. Because the civil lawsuit made it more probable than not that Lieutenant Boruchowitz was biased against Gal, the evidence was relevant. *See* NRS 48.015 (stating that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable"). As a result, Gal should have been permitted to elicit facts from Lieutenant Boruchowitz that might have colored his testimony. *See Crew*, 100 Nev. at 45, 675 P.2d at 991; *see also Jackson v. State*, 104 Nev. 409, 412, 760 P.2d 131, 133 (1988) (concluding that the district court improperly prohibited defendant from questioning a witness about a civil lawsuit the witness filed against the defendant in order to explore potential bias). We likewise fail to see how this inquiry by Gal could have confused the jury or how its probative value was substantially outweighed by unfair prejudice. *See* NRS 48.035(1). Therefore, we conclude that the district court abused its discretion in restricting Gal's cross-examination of Lieutenant Boruchowitz.

*The district court abused its discretion by admitting text messages without proper authentication*

During Lieutenant Boruchowitz's testimony, the State introduced evidence of text messages from a cell phone Lieutenant Boruchowitz collected during his investigation of Gal. Gal objected to the introduction of the text messages through Lieutenant Boruchowitz's testimony based on improper authentication. The district court disagreed and admitted the text messages evidence.

"Pursuant to NRS 52.015(1), [t]he requirement of authentication . . . is satisfied by evidence or other showing sufficient to support a finding that the matter in question is what its proponent claims."

*Archanian v. State*, 122 Nev. 1019, 1030, 145 P.3d 1008, 1016-17 (2006) (alteration in original) (internal quotation marks omitted). Evidentiary rulings are reviewed for an abuse of discretion. *Holmes v. State*, 129 Nev. 567, 571, 306 P.3d 415, 418 (2013). "[A] district court's discretion is considerable . . . [, and its] decision to admit or exclude evidence will not be reversed on appeal unless it is manifestly wrong." *Id.* at 571-72, 306 P.3d at 418 (citation and internal quotation marks omitted).

We conclude the district court manifestly abused its discretion when it allowed the State to introduce evidence of the text messages through Lieutenant Boruchowitz without proper authentication. Although the State attempted to also authenticate the text messages through a computer forensic expert from the Nevada Attorney General's office, neither Lieutenant Boruchowitz nor the computer forensic expert were employees or agents of the cell phone provider. Thus, neither could properly authenticate the records according to the business records exception. *See* NRS 52.260(6)(a) ("'Custodian of the records' means an employee or agent of an employer who has the care, custody and control of the records of the regularly conducted activity of the employer."); NRS 52.260(6)(b)(3) ("'Employer' means . . . [a]ny other person, firm, corporation, partnership or association.").

*The district court abused its discretion when it admitted Yahoo! emails without proper notice*

During Lieutenant Boruchowitz's testimony, the State also attempted to admit evidence of multiple Yahoo! emails retrieved from the cell phone that the State argued had been authenticated by a Yahoo! custodian of records. Gal objected and argued that the custodian of records had to be present to testify because he questioned the validity of the records. *See* NRS 52.260(5) (providing that if a business record authenticated by an

affidavit "is reasonably questioned [during trial] . . . , the court may order the personal attendance of the custodian of the record"). Gal insisted that the State was required to give him 10 days' notice that it would be authenticating the records via affidavit rather than bringing in the custodian of records whom he could then cross-examine. *See* NRS 52.260(1) (providing that records that are created during "the course of a regularly conducted activity[,] . . . if otherwise admissible, may be proved by the original or a copy of the record which is authenticated by a custodian of the record . . . in a signed affidavit"); NRS 52.260(4) ("A party intending to offer an affidavit [from a custodian of records] must serve on the other parties a notice of the intent and make available for inspection or copying the records of the regularly conducted activity at least 10 days before the records are to be introduced at a hearing . . . .").

The State responded that it provided Gal with its witness lists and voluminous records containing the email messages, which included the affidavit from the custodian of records, more than ten days in advance of trial. Therefore, the State contended, Gal was properly on notice that it would introduce the evidence by way of the affidavit despite not having provided him with the required written notice. The district court reasoned that, although Gal did not receive written notice and was adamantly questioning the authenticity of the emails, the State could proceed, "unless the Defense shows something wrong with [the emails] that is reasonable." If Gal could make a reasonable showing, then the district court would require the State to make the custodian of records available to testify. However, determining that Gal had yet to point to anything questionable in the emails, the district court then proceeded to allow the State to introduce

(O) 1947A

the emails through Lieutenant Boruchowitz's testimony. This, we conclude, was an abuse of discretion.

Because NRS 52.260(4)'s provisions are mandatory, strict compliance by the State was required. *See Founts v. State*, 87 Nev. 165, 169, 483 P.2d 654, 656 (1971) (stating that statutes requiring notice are generally strictly applied); *see also Markowitz v. Saxon Special Servicing*, 129 Nev. 660, 664, 310 P.3d 569, 572 (2013) (stating that statutory provisions are mandatory "when its language states a specific time and manner for performance" (internal quotation marks omitted)). Because the State failed to provide Gal with 10 days' notice of its intent to authenticate the Yahoo! emails by way of affidavit from the custodian of records, the district court impermissibly allowed the State to introduce this evidence through Lieutenant Boruchowitz's testimony.[1]

*The district court's errors were not harmless*

"[T]o determine whether the erroneous admission of evidence constitutes harmless error," we consider "whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged." *Bellon v. State*, 121 Nev. 436, 117 P.3d 176 (2005) (internal quotation marks omitted); *Jackson*, 104 Nev. at 412, 760 P.2d at 133-34 (considering same when examining a district court's decision "to curtail cross-examination into a witness's possible bias").

---

[1]We note that the district court improperly cited to and relied on this court's order in *Kincade v. State*, Docket No. 63563 (Order of Affirmance, Nov. 20, 2014), in reaching this determination. *See* NRAP 36(c)(3) (stating that only unpublished supreme court dispositions filed on or after January 1, 2016, may be cited for their persuasive value). Even in relying on *Kincade*, the district court failed to sufficiently explain its reasoning for overruling Gal's objection.

Here, Gal was charged with serious crimes, but the question of guilt is close as is evidenced by the fact that the jury did not convict Gal on all of the counts he was charged with. Much of the evidence against Gal consisted of the voluminous text messages and emails between him and the victim, which the district court impermissibly allowed the State to introduce through the testimony of Lieutenant Boruchowitz. Had Gal not been restricted by the district court in his cross-examination of Lieutenant Boruchowitz, he may have been able to demonstrate potential bias based on the civil lawsuit. Weighing all of these factors together, we cannot conclude that the district court's errors were harmless.

Accordingly, we ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for a new trial.[2]

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                      Cadish

---

[2]Gal also argues on appeal that there was insufficient evidence to sustain his conviction on count five, unlawful use of a minor in producing pornography or as the subject of a sexual portrayal in a performance. *See* NRS 200.710. We reject this claim and allow the State to retry Gal on this count in his new trial. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (providing that in reviewing a challenge to the sufficiency of the evidence, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))). Further, because we reverse and remand for a new trial, we need not examine Gal's remaining arguments.

cc:   Hon. Robert W. Lane, District Judge
JK Nelson Law LLC
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk